**BITUMINOUS CASUALTY CORPORA-TION, Plaintiff-Appellant,**

v.

**Hubert HEDINGER d/b/a Hedinger Roofing Company, Defendant-Appellee.**

**No. 16756.**

United States Court of Appeals
Seventh Circuit.

Feb. 27, 1969.

Robert H. Hahn, Fred P. Bamberger, Evansville, Ind., for plaintiff-appellant, Bamberger, Foreman, Oswald & Hahn, Evansville, Ind., of counsel.

William E. Statham, Evansville, Ind., for appellee.

Before HASTINGS and KNOCH, Senior Circuit Judges, and SWYGERT, Circuit Judge.

KNOCH, Senior Circuit Judge.

Plaintiff-Appellant, Bituminous Casualty Corporation, insured Jasper Rubber Products, of Jasper, Indiana, hereinafter called "Jasper Products," under a liability insurance policy whereby Bituminous Casualty Corporation undertook to defend any suit against Jasper Products, alleging injury and seeking damages, and to pay all sums which Jasper Products became legally obligated to pay as damages because of injury or death by accident.

On June 13, 1961, while the policy was in force, Jasper Products entered into an oral contract with the Defendant-Appellee, Hubert Hedinger, d/b/a Hedinger Roofing Company to make certain roofing repairs at the Jasper Products plant. During the performance of this work, Bernard E. Helming, an employee of the defendant, came into physical contact with an electrical high tension wire on the roof and was killed.

The plaintiff subsequently paid $17,-500 in settlement of a claim against Jasper Products by the Personal Representative of the Estate of Bernard E. Helming, who brought suit in the Indiana state court against Jasper Products and the City of Jasper, Indiana, for wrongful death. It was alleged, *inter alia*, that Jasper Products was negligent in failing to have the power turned off in the high tension electrical wires, strung only four to five feet above its roof, while repair work was being carried out on that roof. These wires carried the electrical energy for operation of the plant. At the time of the settlement, Jasper Products expressly denied responsibility for the death of Bernard Helming.

Plaintiff then brought this action in the U. S. District Court (jurisdiction being based on diversity of citizenship) to recover reimbursement of its expenses in defending the state court action and to be indemnified for the payment made towards the settlement on behalf of Jasper Products.

Defendant moved for summary judgment. Plaintiff filed a cross-motion for summary judgment. The District Court granted the former and denied the latter, and this appeal followed.

It is plaintiff's view that it was entitled to indemnity because the defendant failed to perform his work in a safe manner. Plaintiff asserts that defendant, an experienced roofing contractor, had an implied duty to take all necessary precautions for his employees' safety, that when his breach resulted in injury, Jasper Products became liable for that injury, but was nevertheless entitled to restitution. Plaintiff reasons that defendant on other occasions had asked the City of Jasper to move, temporarily, some of its electrical attachments which were in the way of his work; that he was familiar with this particular roof and had been cautioned to "watch the wires" (although not evidently why) by Oscar Lampert, treasurer of Jasper Products, who pointed out to the defendant what he wanted done, and then left. This oral work order set out no details.

The plant was in operation and the machines to which the wires carried current remained in use throughout the day, after the oral contract was made. For a fixed price, the defendant was to patch and coat the roof. As the plant machinery was continuing to operate on power conveyed through these very wires, there was no indication that any cut-off of power was contemplated. There was no way for the defendant to ascertain by sight that the wires were of a high tension variety uninsulated and provided only with weather protection so that mere contact could result in electrocution. Defendant was not told of the risk created by the wires. Nor was defendant a party to the settlement for which indemnity is now sought.

The District Court held that under the terms of the policy, only by accepting the negligence of Jasper Products as a fact, could the plaintiff avoid the defendant's contention that plaintiff was a mere volunteer in paying any sum to the decedent's estate.

The injury suffered did not arise from any defect in the defendant's mops, tar or application of either but from the dangerous condition of the wires, long known to Jasper Products.

■■ There was no express contract of indemnity. It is undisputed that nothing was said about indemnity. Under Indiana law, which we are bound to apply, no right of indemnity exists between joint tort feasors, absent a situation where one, without fault, has been compelled to pay damages because of the

wrongful conduct of another for which he is only constructively liable. Silvers v. Nerdlinger, 1868, 30 Ind. 53, 60. As the Court said in City of Gary v. Bontrager, 1943, 113 Ind.App. 151, 162, 47 N.E.2d 182, one cannot escape liability for his own negligence by employment of an independent contractor. As in that case the party here seeking indemnity has been charged with negligence in failing to take proper precautions.

 Plaintiff characterizes this 100 year old Indiana doctrine respecting implied obligation to indemnify as a "dead hand" even while conceding its recognition as the law of Indiana in McClish v. Niagara Mach. & Tool Works, D.C., Indiana, 1967, 266 F.Supp. 987, and asks whether it should continue to control obligations in the jet age.

Plaintiff argues that it was defendant who was conversant with the hazards of the employment, and that it was defendant who knew whether turning off the power would be required, not the employees of Jasper Rubber, whose sole fault was reliance on the expertise of the defendant. However, Jasper Rubber did know (as the defendant could not have known by sight) that these wires, strung so low above the roof, were not merely low voltage wires but high tension, uninsulated wires, protected only against weather and not against the dangers of physical contact. Jasper Rubber needed no expertise to recognize the danger which it itself had created.

We cannot agree that the circumstances of this case in the light of the changing conditions of the modern world require us to ignore the established Indiana law on this subject. On the basis of the undisputed facts, the plaintiff's insured was neither without fault nor merely constructively liable.

The defendant asserts that absent an express contract of indemnity, his liability for the injury to his employee is limited to the payment of benefits (which he has already made) as provided by the Indiana Workmen's Compensation Act. We do not reach that point. We are inclined, however, to find merit in the District Judge's comment that it is not in the public interest to allow insurance companies to settle claims between their insureds and injured persons and then to expect to recover such settlements from independent contractors who took no part in the negotiations and who thought they were operating within the Workmen's Compensation statute.

The judgment of the District Court is affirmed.

Affirmed.