SEARS, ROEBUCK AND CO. *v.* DONALD HUTCHENS
AND NAOMI HUTCHENS.

[No. 773S132. Filed July 3, 1973. Rehearing denied February 19, 1973.]

*William L. Morris,* of Rochester, *Cadick, Burns, Duck & Neighbours,* of Indianapolis, for appellant.

*Jesse A. Brown,* of Rochester, for appellee.

ARTERBURN, C.J.—This court considers the petition to transfer only for the limited purpose, set forth in rule AP 11 (B) (2) (d), of indicating that the Court of Appeals in this case correctly followed ruling precedent of the Supreme Court but further to clarify such precedent and to emphasize the absolute necessity, in all cases, of filing the praecipe for the record within thirty (30) days after the ruling of the trial court on the motion to correct errors.

This case is one in which the appellant, Sears, Roebuck and Company, waited until January 17, 1973, which was the last day upon which it must have filed the record of proceedings, to file its Petition for Extension of Time within which to file such record. As required by rule AP 14(B), that petition stated the date upon which the praecipe was filed with the clerk of the Fulton Circuit Court, being January 16, 1973. This filing date of the praecipe for the record was only one day before the record must have been filed or, in other words, on the 89th day following the ruling on the motion to correct errors. The Court of Appeals properly denied the Petition for Extension of Time because of the provisions of rule AP 14 (b) which states in part:

"Unless the praecipe or written request for the record and transcript was filed within thirty (30) days from the time

when the period begins to run within which an appeal may be taken, no extension of time for the preparation of the record and transcript will be granted."

Furthermore, rule AP 2 (a) states as follows:

"An appeal is initiated by filing with the clerk of the trial court a praecipe designating what is to be included in the record of the proceedings, and that said praecipe shall be filed within thirty (30) days after the court's ruling on the Motion to Correct Errors or the right to appeal will be forfeited. A copy of such praecipe shall be served promptly on the opposing parties."

The Court of Appeals had no choice but to deny the petition for the extension of time, for the rule states expressly that the *right* to appeal will be "forfeited" if the praecipe is not filed within thirty (30) days after the court's ruling on the motion to correct errors.

The present rule of this court [which is also found in the Criminal Rules in rule CR 11(2)] affects a substantial reduction in the time limitation within which a party must make a determination, as to whether to appeal the trial court's decision. This requirement was adopted by this court because of the flagrant abuse of the previous rule as practiced, this case being a classic example, of waiting until the ninety (90) day period previously provided was about to expire, then filing the praecipe for the record, and then asking for more time to get the record prepared. What had to follow was the misrepresentation to this court in the petition for time:

"That notwithstanding due diligence on the part of the undersigned attorney for the appellant . . . it has been and will be impossible to procure a record of proceedings within the time allowed."

This past practice made a farce of the rules of this court in the ease with which a petition for an extension of time to file record could be granted in such circumstances and resulted in the appellant's attorney having more than the ninety (90)

days period within which to submit the record, due actually to lack of diligence.

The filing of a praecipe is the simplest of pleadings, usually amounting to nothing more than a written one sentence request to the clerk that the record be supplied, which praecipe must be made a matter of record. (Some courts even have supplied a praecipe book, so that all the attorney must do is to fill in the blanks as to the case name, what he requests and sign the same.)

The substantial effect of the change of the rule is to require the parties by their attorneys to make a determination within thirty (30) days of the ruling of the court upon the motion to correct errors, as to whether an appeal is intended and to notify the Clerk in writing and opposing counsel of that determination by serving a copy of the praecipe upon such counsel.

The requirement still prevails under rule AP 3(B) that the record of proceedings be filed within ninety (90) days from the ruling on the motion to correct errors. Nevertheless, when such record is not prepared in time for filing within ninety (90) days from such ruling on the motion to correct errors (as may happen because of the inability of the reporter and the clerk to prepare the same) then such a petition for an extension of time on that basis will be actually because of conditions which are not due to the fault of the attorney, but are those of the reporter and clerk over whom such attorney has no direct control.

This present rule is designed to be in harmony with the goal of speedy justice and will tend toward expediting the submission of all appeals within ninety (90) days of the ruling on the motion to correct errors. The ruling herein is also in harmony with recent court decisions, holding that the party has forfeited his right to appeal by not having filed the praecipe within thirty (30) days after the trial court's ruling on the motion to correct errors, even in those instances where the record is filed within ninety (90) days of

the ruling of the Motion to Correct Errors without an extension of time.

The appellant's "Petition for Transfer" is accordingly dismissed.

All Justices concur.

NOTE.—Reported in 297 N. E. 2d 807.