AYR-WAY STORES, INC. ET AL. *v.* RANDALL SCOTT CHITWOOD
A MINOR, BY NEXT OF FRIEND MICHAEL T. CHITWOOD.

[No. 873S162. Filed August 23, 1973. Rehearing dismissed
October 3, 1973.]

*Keith C. Reese, William T. White, Jr., Rocap, Rocap, Reese
& Young,* of Indianapolis, *Emerson Boyd, Robert F. Zoccola,
Locke, Reynolds, Boyd & Weisell,* of Indianapolis, for appel-
lant.

*Forrest Bowman, Jr., George E. Martz, Martz, Bowman & Kammen,* of Indianapolis, *Parr, Richey, Obremsky, Pedersen & Morton,* of Lebanon, for appellee.

HUNTER, J.—This is an action for personal injuries brought by Michael Chitwood on behalf of his four-year-old son against the manufacturer and seller of a power lawnmower. The jury returned a verdict in favor of the plaintiff in the sum of $80,000. Defendants appealed to the Court of Appeals for the First District. *Ayr-Way Stores, Inc.* v. *Chitwood* (1973), 292 N. E. 2d 298.

The primary issue raised on appeal was whether the trial court erred in granting Chitwood's motion to amend his complaint to conform to the evidence during trial. The defendants maintain that if to allow the amendment was not error, then they were entitled to a continuance to meet the new issues raised by the amendments. The Court of Appeals agreed with the defendants and reversed the trial court. The cause was remanded for a new trial in order to avoid "trial by ambush." 292 N. E. 2d 302.

The facts disclose that on May 30, 1966, Michael Chitwood purchased a riding lawmower from Ayr-Way. The mower was in a sealed carton which was placed in Chitwood's car by the employees of Ayr-Way. Instructions were inside the carton. This particular model had a single pedal which operated as both a clutch and a brake. After attaching the steering wheel and adding gas and oil to the engine, Michael Chitwood, assisted by his brother, Wayne, began to mow his lawn. The Mower appeared to operate satisfactorily in forward gear. Releasing the foot pedal caused the machine to stop. Wayne Chitwood began mowing in the back yard. Coming to the junction of two sidewalks, he stopped the mower, put it in reverse gear, and started to back up. When he looked over his shoulder he saw the plaintiff, Randall Chitwood, standing behind him. He released the pedal, but the mower continued to move, running over the plaintiff.

This resulted in permanent and severe injuries to the four-year-old child, including amputation of the great toe and distal head of the metatarsal bone on his left foot and severe lacerations to his lower lumbar region and buttocks.

Chitwood's complaint was in two paragraphs, alleging breach of express warranty and negligence as to both defendants. Trial commenced on June 2, 1971. At the close of the plaintiff's evidence, Chitwood moved to amend his complaint pursuant to Trial Rule 15(B). The amendment consisted of two additional paragraphs alleging strict liability and breach of implied warranty. The trial court granted Chitwood's motion and denied the defendant's motion for a continuance.

The Court of Appeals held that the defendants had not impliedly litigated the added issues of strict liability and implied warranty. Therefore, the failure to grant a continuance was prejudicial to the defense because they were forced to defend two entirely new issues without sufficient time for preparation. We do not agree.

Trial Rule 15(B) reads as follows:

"(B) *Amendments to conform to the evidence.* When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. *Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend does not affect the results of the trial of these issues. If the evidence is objected to at the trial on the ground that it is not within the issues made by pleadings,* the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby *and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."* (Emphasis added.)

Prior to the adoption of our present Rules of Trial Pro-

cedure, the Indiana Appellate Court was faced with a procedural issue analogous to the one in the instant case. The case was *General Outdoor Advertising Co., Inc.* v. *LaSalle Realty Corp.* (1967), 141 Ind. App. 247, 218 N. E. 2d 141. Plaintiff's complaint was grounded on a contract theory, but the proof introduced at trial, without objection, was in negligence. On appeal, the issue before the court was whether the pleadings could be amended to conform to the evidence presented. The defendant-appellant contended that the variance was fatal to the plaintiff's claim. The court answered:

> "It is firmly established that a lower court can amend the pleadings before or during the trial regardless of the factor that a change in the cause of action might result . . . .
>
> \* \* \*
>
> "[I]t appears that the state of the law is that a party may amend his pleadings before or during the trial even though the cause of action is changed subject to the discretion of the court. However, there is no absolute limitation on the court's discretion in permitting amendments merely because the cause of action or theory of the complaint is changed. The decision to grant or deny an amendment is to be left entirely to the discretion of the lower court. Barring a clear abuse of the lower court's exercise of such discretion, there will be no reversal on appeal for either a denial or granting of the requested amendment. Perhaps it is pertinent to comment that in the early cases decided after the new civil code had been adopted when the majority of the judges had been trained under the principles of common law pleading, many amendments were refused because the theory of the case or cause of action would have been changed and such was assumed to be prejudicial. See *Lewark* v. *Carter et al.* (1888), 117 Ind. 206, 20 N. E. 119." 141 Ind. App. at 253-254.

Similarly, in *Morrison's Southern Plaza Corp., et al.* v. *Southern Plaza, Inc.* (1969), 252 Ind. 109, 120-121, 246 N. E. 2d 191, this Court reiterated:

> ". . . We now turn to the Appellate Court's second reason for reversing the judgment of the trial court, that 'the plaintiff cannot allege one cause of action and recover on proof of another . . .'

"This rule could only find support in the common law theory of *issue* pleading. As early as 1852, Indiana enacted the New York Field Code. One of the primary purposes of this new code was to replace *issue* pleading with *fact* pleading. To accomplish this purpose, the code provided that the complaint need only contain 'a statement of the facts constituting the cause of action in plain and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended.' Ind. Ann. Stat. § 2-1004 (1967 Repl.) It is true that, even under the Field Code, Indiana has required a plaintiff to plead a definite cause of action, and, if more than one theory is to be alleged, the complaint must still be drafted in separate paragraphs. *Sickles* v. *Aetna Securities Co.* (1942), 220 Ind. 347, 41 N. E. 2d 947. We take judicial notice that the 1969 General Assembly has enacted a new Code of Civil Procedure which is to take effect on January 1, 1970, (House Enrolled Act No. 1733). *This new code, as regards the pleadings in a civil action, closely parallels the 'notice pleading' enunciated in the Federal Rules of Civil Procedure and currently used by the federal district courts. It must be presumed that the trend and expressed legislative intent is one of simplifying the procedure of pleading.*" (Emphasis added.)

It cannot be denied that the policy behind Trial Rule 15 (B) is to promote relief for a party based upon the evidence actually forthcoming at trial, notwithstanding the initial direction set by the pleadings. Moreover, in the instant case, Chitwood sufficiently pleaded facts in his *original* complaint which should have put the defendants on notice as to the evidence to be presented at trial. The amendments did not alter the factual theory of plaintiff's claim for relief. In his original complaint, Chitwood alleged that Rugg manufactured a defective lawnmower, that his father purchased the lawnmower from Ayr-Way, and that the defect caused the lawnmower to malfunction resulting in his injuries. It is cogently clear that more than one legal theory supports recovery under these facts.

Even without amendment to the pleadings, the trial of the issues of strict liability and implied warranty would have proceeded absent any objection from the defendants on the

grounds that the offered evidence was outside the pleadings. No such objection to evidence was made here. *It is when a party objects to evidence because it is outside the issues raised by the pleadings that the question of the utility of a continuance arises.*

In their motion for a continuance, defendants merely raise a general allegation of prejudice. They do not carry their burden of pointing out to the trial court in what way they have been denied substantial rights. Certainly there are times when an amendment of the pleadings would require the granting of a continuance. But in such a case, the party moving for a continuance must show that allowing the amendment would prejudice his rights in maintaining his action or defense. Defendants Ayr-Way and Rugg have not carried that affirmative burden in this case. The Court of Appeals stated:

> "The purpose of TR. 15 was to allow amendments to the pleadings where the parties had consented to their insertion into the trial. In the case at bar, the proof of the second set of issues was so implicit in the proof of the first that we cannot say that a reasonably competent attorney would have discerned the difference." 292 N. E. 2d at 301.

We agree with this statement but would carry it to its logical conclusion, i.e., that, therefore, the amendment was properly granted since the proof at trial sustained a theory of strict liability and/or breach of implied warranty. Further, that no prejudice issue can be raised by the defendants who have consented to the proof offered. *No objection was made by either defendant to the evidence presented during plaintiff's case in chief.*

Whether or not to grant a continuance where pleadings are amended is a matter of discretion for the trial court. Absent a showing of clear and prejudicial abuse of discretion, the trial court's ruling will not be disturbed by an appellate court. Defendants urge that

they were greatly prejudiced by denial of their motion for a continuance. However, they fail to show in what way they were deprived of any substantial rights. We shall treat each of their arguments individually.

Defendants contend that by allowing the amended allegations they were deprived of the right to voir dire the jury on the issues of strict liability and implied warranty. This contention is absolutely without merit. Would the defendants have us believe that in every civil case where a party is allowed to amend pleadings to conform to the evidence that the trial of the cause must start anew? The purpose of TR 15(B) is to afford relief *based on the evidence presented at trial.* The underlying policy is to promote speedy justice, not to create multiplicity in litigation. To agree with the defendants herein would completely destroy the efficacy of TR. 15(B). We reject this contention.

Defendants contend that by allowing the amendment they were prejudiced on their defense of the merits of the action. Here again, the defendants fail to show in what way they were prejudiced. They offer no credible showing of any defense of which they were deprived. They in no way show that the defense against the claims of strict liability and implied warranty would be so different so as to prejudice their defense against negligence and express warranty. In all candor, it appears that the defendants are alleging prejudice because the plaintiff has made a good case for recovery.

In their motion to correct errors, defendants alleged clear abuse of trial court discretion without showing such abuse. A general allegation unsupported by clear and convincing arguments should not be the basis for reversing the trial court's action in denying a motion for continuance.

The rule of strict liability in tort is set out in § 402A, Restatement 2d of Torts:

"402A. Special Liability of Seller of Product for Physical Harm to User or Consumer.

"(1)  One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

"(a)  The seller is engaged in the business of selling such a product, and

"(b)  it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"(2) The rule stated in Subsection (1) applies although

"(a)  the seller has exercised all possible care in the preparation and sale of his product, and

"(b)  the user or consumer has not bought the product from or entered into any contractual relation with the seller."

Indiana subscribes to this theory of liability. *Perfection Paint & Color Co.* v. *Konduris* (1970), 147 Ind. App. 106, 258 N. E. 2d 681; *Cornette v. Searjeant Metal Products, Inc.* (1970), 147 Ind. App. 46, 258 N. E. 652. An examination of the record in the case at bar discloses that the evidence supports a theory of strict liability. Plaintiff showed (1) a purchase of (2) a defective product from (3) a seller engaged in the business of selling such a product (4) and the product reached him without substantial change in its condition and (5) that the product caused physical harm because of the defect. Through these facts the plaintiff has laid his basis for recovery. The evidence was not objected to at trial. We quote with approval *Indianapolis Transit System, Inc.* v. *Williams* (1971), 148 Ind. App. 649, 269 N. E. 2d 543, where the court held:

"Whether the 'issues' to be tried in any law suit are formed by the pleadings or in a pre-trial order, their function is merely to provide the parties and the court with an itinerary for the journey through the trial. Either party may timely demand strict adherence to the pre-determined route or, if deviation is permitted, the time necessary to prepare to meet the new issue. But when the trial has ended without objection as to the course it took, the evidence then controls. *Neither pleadings, pre-trial orders, or 'theories' postulated*

*by either party should then operate to frustrate the trier of fact in finding the facts which that evidence (including all reasonable inferences the trier may draw therefrom) convinces him (whether he be a judge or juror), by a preponderance thereof, is true or block him from awarding the relief, if any, which the rules of substantive law say those facts merit.*" (Emphasis added.) 269 N. E. 2d at 550.

We turn now to the issue of whether defendants can claim prejudice on the basis that breach of implied warranty was added in the amended allegations. Recovery for breach of implied warranty is a statutory remedy governed by the Uniform Commercial Code. The relevant provisions at issue are IC (1971), 26-1-2-314 and IC (1971), 26-1-2-315; Ind. Ann. Stat. §§ 19-2-314-315 (1964 Repl.) :

*"19-2-314. Implied warranty—Merchantability—Usage of trade.—*

(1) Unless excluded or modified (section [19-]2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

"(2) Goods to be merchantable must at least be such as (a) pass without objection in the trade under the contract description; and

(b) in the case of fungible goods, are of fair average quality within the description; and

(c) are fit for the ordinary purposes for which such goods are used; and

(d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

(e) are adequately contained, packaged, and labeled as the agreement may require; and

(f) conform to the promises or affirmations of fact made on the container or label if any.

"(3) Unless excluded or modified (section [19-]2-316) other implied warranties may arise from course of dealing or usage of trade. [Acts 1963, ch 317, § 2-314, p. 539.]"
*"19-2-315. Implied warranty—Fitness for particular pur-*

*pose.*—Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose. [Acts 1963, ch. 317, § 2-315, p. 539.]"

Once again, we turn to the Court of Appeals opinion:

"Here, the question becomes, 'Did Ayr-Way and Rugg impliedly litigate the issues of strict liability and/or implied warranty and did the plaintiff's evidence tending to support these theories make it readily apparent, to a reasonably competent attorney, that these theories were at issue?'

"We think not. *A careful review of the record indicates no evidence which bears so directly or unequivocably upon the two theories presented in the amendment, that a reasonably competent attorney would have squarely recognized these issues in the trial.*" 292 N. E. 2d at 301. (Emphasis added.)

Contrary to the position taken by the Court of Appeals, the record shows that (1) Ayr-Way was a merchant (2) dealing in lawnmowers (3) and that the lawnmower was not fit, neither when purchased nor when demonstrated to the court at trial.

From an examination of the record, we offer the following observations:

1. Plaintiff's evidence on the issues of strict liability and breach of implied warranty was admitted at trial over no objection by defendants.

2. The trial court correctly applied TR. 15(B) to allow the plaintiff to amend his complaint.

3. The defendants failed to show how they were prejudiced by the trial court's action in denying their motion for a continuance.

For all of the foregoing reasons, transfer is hereby granted and the judgment of the trial court in this cause should be affirmed.

Judgment affirmed.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

Note.—Reported in 300 N. E. 2d 335.