W. Edward WICKS et al., Plaintiffs,

v.

FORD MOTOR COMPANY, a Delaware Corporation, and Chester E. Voris, Defendants.

No. S 74–89.

United States District Court, N. D. Indiana, South Bend Division.

Oct. 18, 1976.

---

Thomas R. Lemon, Warsaw, Ind., Richard L. Hecht, Los Angeles, Cal., for plaintiffs.

John Krueckeberg, Thomas W. Yoder, Lawrence A. Levy, Fort Wayne, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

The complaint in this case is in eight counts. The basic assertions on liability are set forth in Counts I and III, negligence; Counts V and VI, express and implied warranties; Counts VII and VIII, strict liability. Claims for personal injuries, loss of consortium are asserted.

On April 15, 1974 Ford Motor Company filed a Motion to Dismiss Counts V, VI, VII and VIII, alleging that no privity existed between any of plaintiffs and Ford and further contending that no defectiveness is alleged and no unreasonable danger is alleged in Counts VII and VIII.

Paragraphs 2 and 3 of Count VII allege:

"2. That at the time the defendant, Ford Motor Company, designed, manufactured, distributed and sold the said Ford Pick-Up Truck the defendant, Chester E. Voris, they knew or should have known that the same was in a dangerous and unsafe condition and knew or should have known that the rear axle on said vehicle could fracture and break and thereby cause serious damage to persons and property.

3. That the rear axle on said vehicle did fracture and break causing extensive damage to the plaintiffs herein, all as is more particularly set forth herein below and the defendant, Ford Motor Company, is strictly liable for said damage." These paragraphs are also incorporated by reference into Count VIII.

The issues raised by Ford on privity have long since been laid to rest in Indiana. See *Greeno v. Clark Equipment*, 237 F.Supp. 427 (N.D.Ind.1965); *Sills v. Massey-Ferguson, Inc.*, 296 F.Supp. 776 (N.D.Ind.1969); *Cornette v. Seargeant Metal Products, Inc.*, 147 Ind.App. 46, 258 N.E.2d 652 (1970); *J. I. Case Co. v. Sandefur*, 245 Ind. 213, 197 N.E.2d 519 (1964); *Filler v. Rayex*, 435 F.2d 336 (7th Cir. 1970); *Ayr-Way Stores, Inc. v. Chitwood*, 261 Ind. 86, 300 N.E.2d 335 (1973). For a recent case from this Court, see *Karczewski v. Ford Motor Co.*, 382 F.Supp. 1346 (N.D.Ind.1974), affirmed by order, 515 F.2d 511 (1975).

In the face of all this authority Ford raises one small point for consideration. Ford refers to the statement in *Cornette* at 174 Ind.App. 46, at page 53, 258 N.E.2d 652, at page 657, that the concept of strict liability "should be strictly construed and narrowly applied." The concurring opinion in *Cornette* stated:

"...  I have carefully read all of the citations of authority and cannot find one that suggests or justifies the above

quoted statement. I do not believe that products liability cases based on strict tort liability should be 'strictly construed and narrowly applied' any more than products liability cases based on negligence, express warranty, or implied warranty. If a party is able to bring his case within the principles set forth in § 402A, then he is entitled to its benefits no more, no less. To attach the rider 'strictly construed and narrowly applied' upon the adoption of § 402A is to graft a condition upon such adoption that has not been present in the adoption of § 402A in any other jurisdiction to my knowledge. This will lead to undue confusion in the handling of strict tort liability cases in Indiana. Such condition is wholly unnecessary and undesirable in my view." 258 N.E.2d 658.

This concurring opinion was recently cited as authority in *Burton v. L. O. Smith Foundry Products Co.,* 529 F.2d 108 (7th Cir. 1976).

■ The above quotation at 174 Ind.App. 46, 258 N.E.2d 652 was the statement of only one Judge. A few days later the same four Judges of the Appellate Court unanimously concurred in an opinion in *Perfection Paint & Color Co. v. Konduris,* 147 Ind.App. 123, 258 N.E.2d 681 (1970). *Perfection Paint* relied almost exclusively on the concurring opinion in *Cornette.* Therefore, the above quotation from 174 Ind.App. 53, 258 N.E.2d 652 is not now and never has been a part of the substantive law of Indiana which is binding on this Court under *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). As far as this writer can determine the statement at 174 Ind.App. 46, 258 N.E.2d 652, has not ever been adhered to by its original author or any other member of either of Indiana's two highest courts.

■ The above quoted allegations from the complaint are sufficient on their face as such to overcome a motion to dismiss.

Therefore, said Motion to Dismiss is in all things DENIED.

■ The defendant, Chester E. Voris has filed cross-claim for indemnity against Ford Motor Company which the latter has moved to dismiss. On the basis of the record here Voris would be hard put under the allegations of his cross-complaint to recover indemnity from Ford. See *American States Ins. Co. v. Williams,* 151 Ind.App. 99, 278 N.E.2d 295 (1972); *McClish v. Niagara Machine and Tool Works,* 266 F.Supp. 987 (S.D. Ind.1967); and *Bituminous Casualty Corp. v. Hedinger,* 407 F.2d 655 (7th Cir. 1969).

Here both Ford and Voris are alleged to be negligent and are therefore alleged to be joint tort feasors.

Voris reaches for Arkansas law for his salvation since the collision in this case happened there.

The United States Court of Appeals for the Eighth Circuit spoke of this area of the Arkansas law in *Fidelity and Casualty Co. of New York v. J. A. Jones Construction Co.,* 325 F.2d 605 (8th Cir. 1963):

"There is considerable difference of opinion among the courts in various jurisdictions with respect to the effect of a party's own negligence upon his right to equitable indemnity. An extensive review of such conflicting authority would be of little aid in determining what view the Arkansas Court adopts when and if the problem is presented to it. Many of such authorities are fully considered and discussed in the trial court's opinion. Counsel have cited no Arkansas cases bearing directly upon the precise problem here presented. The trial court recognizes the rules generally prevailing to the effect in the absence of an expressed contract, where the action for indemnity is among parties whose only legal relationship is that of joint feasors, indemnity as well as contribution is denied." *Fidelity,* supra, at 610.

Further on in the opinion, the Court states:

"We find no Arkansas cases which clearly point to what if any exceptions Arkansas Courts may impose upon the general rule denying indemnity to a joint tort-feasor." *Fidelity,* supra, at 610.

Since 1963 the Supreme Court of Arkansas has spoken once on the general subject in *Little Rock Land Co. v. Raper*, 245 Ark. 641, 433 S.W.2d 836 (1968). In reality *Raper* involved vicarious liability. It is not authority for indemnity between Ford and Voris here. Therefore, the motion of Ford to dismiss the Voris cross-complaint is GRANTED.

It should be emphasized that we are not here concerned with the kind of explicit contractual indemnity found in *Indiana State Highway Commission v. Thomas*, Ind. App., 346 N.E.2d 252 (1976).

This Court is not here ruling that there can *never* be indemnity between the user and manufacturer of a defective product. The Court is simply ruling that the pleadings *in this case* preclude same.