CROWN ALUMINUM INDUSTRIES *v.* THE WABASH COMPANY

[No. 1-1076A192. Filed November 29, 1977.]

*Carroll, Wolf, Fix & Hoff,* of Bloomington, for appellant.

*Donald G. Henderson, Henderson & Henderson,* of Bedford, *J. Grant Moore,* of Bedford, for appellee.

## STATEMENT OF THE CASE

LOWDERMILK, J.—This appeal comes to us presenting the

question of whether the trial court correctly overruled the motion for relief from judgment filed pursuant to Ind. Rules of Procedure, Trial Rule 60(B)(1) and 60(B)(8) filed by plaintiff-appellant, Crown Aluminum Industries (Crown) on February 27, 1976.

## STATEMENT OF THE FACTS

On August 11, 1975 Crown filed a motion to correct errors. A hearing on the motion was held September 22, 1975, evidence was heard, and hearing continued until October 20, 1975 when the same was concluded. The trial court took the matter under advisement and gave the parties 30 days in which to file memoranda in support of their respective positions.

On November 10, 1975 the trial court overruled Crown's motion to correct errors although the 30 day period granted on October 20, 1975 had not yet expired. Notice of the court's ruling was immediately thereafter sent to the parties.

Crown filed its praecipe on December 22, 1975, a date which was within 30 days from the extension of time granted the parties to file their memoranda but not within 30 days from the date the trial court entered its order overruling the motion to correct errors (November 10, 1975).

Then, on January 6, 1976 the trial court, stating its reason to be that Crown's filing for a praecipe was more than 30 days following denial of its motion to correct errors, entered an order to the Clerk to refrain from preparing a transcript until otherwise ordered by the Indiana courts of appeal.

On February 27, 1976, Crown filed a TR. 60 motion for relief from judgment (based on TR. 60(B)(1) mistake, surprise, or excusable neglect and (8) any other reason justifying relief from the operation of the judgment) which was addressed to the January 6, 1976 order of the trial court. The trial court overruled Crown's motion for relief from judgment on March 4, 1976. Crown then filed a second motion to correct errors, this one citing as error the trial court's order of March 4, 1976 which denied Crown's motion for relief from the January 6, 1976 order. The trial court overruled

this motion to correct errors on July 12, 1976, and Crown filed its praecipe and brings this appeal.

In its motion for relief from judgment and its second motion to correct errors, Crown asserts that the trial court's order of November 10, 1975, which overruled Crown's first motion to correct errors, was not in fact entered until November 20, 1975.

A portion of the transcript available to this court clearly shows that the trial court reviewed its record and proceedings and determined that the November 10, 1975 entry was not a typographical error as Crown alleges, but was in fact the date of the trial court's ruling on Crown's motion to correct errors. The trial court also found that notice of the November 10, 1975 ruling was given to respective counsel in writing immediately thereafter.

### Issue

The issue which has been presented to this court on appeal is:

1. Whether the trial court, in its order of January 6, 1976, erred in ordering the clerk to refrain from preparing a transcript in compliance with Crown's praecipe.

## DISCUSSION AND DECISION

Crown contends that the trial court granted the litigants 30 days in which to submit written memoranda in support of and in opposition to Crown's first motion to correct errors, and that the trial court's ruling on November 10, 1975 was erroneous because the 30 day period did not expire until November 20, 1975. Crown alleges that its praecipe filed December 22, 1975 was timely filed pursuant to the trial court's order granting the parties 30 days in which to act.

While the trial court's ruling on November 10, 1975 could be perceived as premature, we also know that the trial court determined its ruling without further aid of memoranda of the parties and entered the same prior to the expiration of the time given the parties to assist it by filing memoranda. This, it had a right to do. The trial court did not abuse its discretion in ruling at the time it did. Further, it immediately notified respective counsel of its

ruling. Had the trial judge committed error by entering his ruling at the time he did such error would have been harmless as the trial court promptly informed the parties of its ruling on the motion to correct errors and Crown was afforded its 30 days in which to prepare and file a praecipe.

The trial court acted beyond its authority in ordering the Clerk of the Court to refrain from preparing a transcript of the record. The purpose of the record for an appeal is to present all of the record in its entirety that has been requested by the appellant in appellant's praecipe. This is to enable an appeals court to review the record where error is claimed. In order for an appeals court to adequately and properly pass on the issue presented, it must have the entire record requested by the praecipe. Even though the trial judge, in his wisdom, knows that appellant is not entitled to relief he has no authority to withhold any of the record requested. (Ind. Rules of Procedure, Appellate Rule 7.2(D)). This error was harmless for the reason Crown forfeited its right to appeal by its failure to timely file its praecipe. *Brennan v. National Bank and Trust Company of South Bend* (1972), 153 Ind. App. 628, 288 N.E.2d 573; *Sears, Roebuck and Co. v. Hutchens* (1973), 260 Ind. 561, 297 N.E.2d 807.

Wabash contends the TR. 60(B) motion was not proper and suggests other methods of attack. It is clear that TR. 60(B) applies to orders as well as judgments. We now hold that the court correctly overruled the TR. 60(B) motion as Crown failed to make a showing of any "mistake, surprise, or execusable neglect, or any other reason justifying relief from the operation of the judgment."

A motion under TR. 60(B) is addressed to the equitable discretion of the trial court. The burden is properly upon the movant to affirmatively demonstrate that relief is necessary and just. *Soft Water Utilities, Inc. v. LeFevre* (1973), 261 Ind. 260, 301 N.E.2d 745.

Judgment affirmed.

Robertson, C.J. and Buchanan, J. (Participating by designation) concur.

NOTE—Reported at 369 N.E.2d 945.