**MIDWAY FORD TRUCK CENTER, INC., Defendant-Appellant,**

v.

**Gary GILMORE, Plaintiff-Appellee.**

**No. 1–1279A359.**

Court of Appeals of Indiana, First District.

Jan. 27, 1981.
Rehearing Denied March 11, 1981.

H. William Irwin, Richard L. Fairchild, Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, for defendant-appellant.

C. Dennis Wegner, Indianapolis, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Midway Ford Truck Center, Inc. (Midway) appeals from a jury verdict and judgment thereon awarding three hundred fifty thousand dollars ($350,000) to Gary M. Gilmore (Gilmore) for personal injuries suffered when the truck he was driving overturned and parts of his body were burned by hot asphalt which escaped from the tank on the back of the truck. We reverse.

## FACTS

On October 11, 1974, Gilmore was an employee of Dale R. Horning Company, a roofing contractor, and was driving a truck containing a tank about 90% full of hot asphalt east on I–74 in Hendricks County, near Pittsboro, Indiana. While Gilmore was being passed by an unidentified trac-

tor-trailer unit, he lost control of his truck and it overturned. Hot asphalt at approximately 500 degrees Fahrenheit escaped from the tank, and between a pint and a quart of the asphalt entered the cab through a back window which broke when the truck turned over. Gilmore suffered second and third degree burns to approximately 49% of his body.

In 1973 the Horning Company had purchased the cab-over-chassis from Midway and the five ton asphalt tank from Midwest Roofing Equipment Company (MRECO); the latter company attached the tank to the rear of the truck. Gilmore, his wife, and daughter initially brought suit against MRECO, the unidentified tractor-trailer driver and his employer, the Ford Motor Company, and Midway for more than three million dollars. At the time of trial only Gilmore, his wife, and Midway remained as parties to this action. At a pretrial conference the court granted the Gilmores' motion to dismiss the negligence and breach of warranty counts (counts I and II) of their complaint. Several days later the Gilmores and Midway filed their Stipulation of Dismissal with Prejudice. By Order dated July 16, 1979, the trial court dismissed with prejudice counts I and II of the amended complaint. On July 18, 1979, the case which had been scheduled as a three week trial commenced. After the testimony of sixteen witnesses had been presented either in person or by deposition, Midway made a motion in limine to exclude evidence on whether or not the truck was overloaded at the time of the incident because such evidence was irrelevant to the theory of strict liability on which the Gilmores were proceeding. The court granted the motion.

After the testimony of two more witnesses had been entered, the Gilmores moved to dismiss the stipulation of dismissal with prejudice as to the issues of negligence and breach of warranty and also to amend their complaint to conform to the evidence. The court denied the former, but granted the latter. Later the court reconsidered and denied Midway's motion in limine. At the close of the Gilmores' evidence the court granted Midway's motion for judgment on the evidence as to the issue of strict liability, but denied the motion upon the negligence and breach of warranty counts. After all the evidence had been presented the jury returned a verdict of $350,000 in favor of Gilmore against Midway, and the court entered judgment thereon. Gilmore's wife received no award, but does not appeal.

## ISSUES

Midway contends that the trial court erred (1) in granting Gilmore's motion to amend his amended complaint to conform to the evidence, (2) in overruling Midway's motion for judgment on the evidence at the close of all the evidence, and (3) in giving instructions numbered 10 and 10A.

## DISCUSSION AND DECISION

Because of our decision in this case we need discuss only the first of Midway's allegations of error. This question concerns whether or not an issue once stipulated to have been dismissed with prejudice may later be adjudicated upon the granting of a motion to amend to conform to the evidence. We hold that where the stipulation and order of dismissal with prejudice are not set aside pursuant to Ind. Rules of Procedure, Trial Rules 41(F) and 60(B), the granting of a motion to amend pursuant to Ind. Rules of Procedure, Trial Rule 15(B) reviving those issues already dismissed is error.

It is generally recognized that a dismissal with prejudice is a dismissal on the merits. *McCubbens v. O'Banion*, (1977) Ind.App., 361 N.E.2d 191; *D.A.C. Uranium Co. v. Benton*, (D.C.Col.1956) 149 F.Supp. 667. As such it is conclusive of the rights of the parties and *res judicata* as to the questions which might have been litigated. 50 C.J.S. *Judgments* § 633 (1947). However, Ind. Rules of Procedure, Trial Rule 41, unlike the Federal Rule upon which it was patterned, contains section (F) which provides that "[a] dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B)." Moreover, this court has held

that a dismissal with prejudice by order of the trial court may be set aside *only* in accordance with the provisions of TR. 60(B). *Hooker v. Terre Haute Gas Corp.*, (1974) 162 Ind.App. 43, 317 N.E.2d 878; *Gemmer v. Diehl*, (1980) Ind.App., 411 N.E.2d 1248 (*trans. pending*). It is also settled that TR. 60(B) applies to orders, as well as judgments. *Crown Aluminum Industries v. Wabash Co.*, (1977) Ind.App., 369 N.E.2d 945.[1]

In the instant case the trial court expressly denied Gilmore's motion to dismiss the stipulation and order of dismissal. Nevertheless, the court expressly granted Gilmore's motion to amend his amended complaint to conform to the evidence pursuant to TR. 15(B) which in effect reinstated the issues of negligence and breach of warranty, the same counts which had been dismissed with prejudice in the pretrial stipulation and order.

■ We note with approval that Indiana courts have liberally applies TR. 15(B) to permit amendment of pleadings *at any point* in the proceedings where the parties have consented, as attested by the evidence admitted *without objection*, to a trial upon issues *not raised by the pleadings. See, Ayr-Way Stores, Inc. v. Chitwood*, (1973) 261 Ind. 86, 300 N.E.2d 335. Trial Rule 15(B)[2] specifically limits its own applicability, however, to "issues not raised by the pleadings...." In this case the negligence and breach of warranty issues had been raised by the pleadings and disposed of with prejudice by agreement of all the parties and even the court. The record does not reflect that Midway consented to the trial of the issues it correctly assumed to have been dismissed. To the contrary, the record

is replete with Midway's objections to the admission of evidence relating to issues other than strict liability. When it became clear that Gilmore's counsel would persist in presenting evidence on theories not in issue, Midway made, and the trial court granted, a motion in limine with regard to evidence of breach of warranty and contributory negligence. The record is equally replete with evidence that Gilmore's counsel mistakenly assumed all three issues to be synonymous.

■ This court has held that it is possible to amend one's pleadings pursuant to TR. 15(B) *by implication* where there is an inconsistency between the trial court's express denial of a motion to conform the pleadings to the evidence and its judgment which in effect reflects the granting of such motion because a party is entitled to relief based on evidence which was actually admitted at trial. *Urbanational Developers, Inc. v. Sharmock Engineering*, (1978) Ind. App., 372 N.E.2d 742, *trans. den.* We do not believe, however, that it is permissible for a court by implication to set aside a stipulation of dismissal with prejudice as to specific issues under the guise of amendment procedures outlined in TR. 15(B). The court's order of a dismissal, therefore, must be viewed as an adjudication on the merits as to those issues dismissed and thus be subject to reinstatement only pursuant to TR. 41(F) and 60(B). Otherwise there would be no stability to judgments and orders of dismissal and no meaning to pretrial procedures set forth in the Trial Rules.

Although it was error for the trial court to have set aside the stipulation of dismissal

---

**1.** We note at this point that neither party raises the issue of the applicability of Ind. Rules of Procedure, Trial Rule 16 to this case, hence we need not discuss it here.

**2.** "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

and order by the process of amendment rather than pursuant to TR. 41(F) and 60(B), we must now decide pursuant to Ind. Rules of Procedure, Trial Rule 61,[3] whether or not the error affected the substantial rights of Midway and, thus, is grounds for reversal. 2 W. Harvey, Indiana Practice § 15 (1970); *General Outdoor Advertising Co. v. LaSalle Realty Corp.*, (1966) 141 Ind. App. 247, 218 N.E.2d 141, *trans. den.*

■■■ We have noted above that Midway objected appropriately to the admission of evidence not relevant to the theory of strict liability. In addition, Midway objected to the court's granting both the motion to dismiss the stipulation of dismissal and the motion to amend, citing to the court as prejudicial to their defense on the new issues the fact that *voir dire* and preliminary instructions had been premised solely on the theory of strict liability in tort. We agree with Midway that the court's proffered remedy of recalling Gilmore's witnesses for cross-examination on the amended theories would not be a satisfactory method of curing the defects with regard to *voir dire* and preliminary instructions defining the issues of the case which must be considered a substantial part of Midway's defense. We would point out that there are important and substantial distinctions under strict liability, negligence, and breach of warranty theories especially in the area of defenses. (*See, Survey of Recent Developments in Indiana Law—Products Liability*, 12 Ind.L. Rev. 227 (1979) and Ind. Code 33–1–1.5–1 which expressly states that chapter 1.5 shall govern all products liability cases in which the theory of liability is negligence or strict liability in tort, but shall not apply to actions based upon breach of warranty.) Finally, it is clear from the record that while counsel for Midway perceived distinctions among the issues and conducted its defense successfully on the issue of strict liability,

Gilmore's counsel perceived no such distinctions and proceeded on the assumption that the breach of warranty and negligence theories were duplicitous of the strict liability theory. A mistake of law is not grounds for setting aside a judgment, even if the court had proceeded under TR. 60(B). *Moe v. Koe*, (1975) 165 Ind.App. 98, 330 N.E.2d 761, *trans. den.* Because the substantial rights of Midway with regard to *voir dire*, preliminary instructions, and cross-examination of a large number of Gilmore's witnesses were prejudiced by amendment of issues which by the court's own order were *res judicata*, the court's judgment must be set aside.

Judgment reversed.

NEAL, P. J., concurs.

YOUNG, P. J. (by designation), dissents with opinion.

YOUNG, Presiding Judge, dissenting.

I dissent and would affirm the judgment.

Our power and scope of review is limited. The court on appeal shall not reverse a trial court judgment if the merits of the cause have been fairly tried and determined. Indiana Rules of Procedure, Appellate Rule 15. The limitation is further supported by Trial Rule 61 which permits reversal only if refusal to take such action appears to the court inconsistent with substantial justice. Because I feel the merits were fairly tried and the result reached was not inconsistent with justice, I would affirm.

The majority correctly states that a dismissal with prejudice is a dismissal on the merits. *McCubbens v. O'Banion*, (1977) Ind. App., 361 N.E.2d 191. The majority also recognizes that such a dismissal can be set aside through the use of Trial Rules 41(F) and 60(B). However, the trial court refused to grant relief under this procedure and used Trial Rule 15(B) to effectively do the

---

**3.** "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order in anything done or omitted by the court or by any of the parties is ground for granting relief under a motion to correct errors or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order or for reversal on appeal, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

same thing—reinstate the issues previously dismissed. Under these limited facts the parties immediately had notice that the issues were reinstated and the dismissal was set aside. The defendant was given the opportunity to meet the issues which were then being considered. While the trial court's use of TR. 15(B) to reinstate the dismissed legal theories was not the proper procedure, the trial court did only what it had the power to do under TR. 60(B).

Under this rule, the trial court is given equitable discretion to grant relief under circumstances where it is satisfied that the administration of justice will be served by the action. *Soft Water Utilities, Inc. v. LeFevre,* (1973) 261 Ind. 260, 301 N.E.2d 745, aff'd (1974) 159 Ind.App. 529, 308 N.E.2d 395. From the record, the judge's statements clearly indicate that he was exercising this precise authority and discretion although perhaps done under the guise of a different rule. Where the trial court has reached a proper result but for the wrong reason, the reviewing court can affirm on the basis of the proper theory. *Board of Zoning Appeals of City of Fort Wayne v. Shell Oil Co.,* (1975) 164 Ind.App. 497, 329 N.E.2d 636.

Although procedural rules are extremely important, it must be kept in mind that they are merely a means for achieving the ultimate end of orderly and speedy justice. *American States Insurance Co. v. State ex rel. Jennings,* (1972) 258 Ind. 637, 283 N.E.2d 529. Civil litigation has evolved into a process of substance rather than form. *Puckett v. Miller,* (1978) Ind.App., 381 N.E.2d 1087. While the procedural form was improper, the result was the same as it would be if the proper procedure had been used. The theories were reinstated with notice of this change given to the parties. An opportunity to have a continuance and to recall witnesses was provided so the defendant could adequately prepare to meet these issues. The majority's finding of prejudice is unwarranted. While I recognize important distinctions in the theories of strict liability, negligence, and breach of implied warranties, I believe a continuance and recall of witnesses would cure any prejudice.

Defendant's allegation of prejudice because they conducted voir dire only on the issue of strict liability, is without merit as is the allegation of prejudice concerning the limitation of the preliminary instructions. A finding of prejudice on these grounds without a more specific showing would require a new trial when a party is properly allowed to amend pleadings under TR. 15(B). *Ayr-Way Store, Inc. v. Chitwood,* (1973) 261 Ind. 86, 300 N.E.2d 335. Thus, to agree with this contention would destroy the efficacy of TR. 15(B). Without more specific allegations, the defendant does not carry its burden of pointing out to the trial court the way it has been prejudiced. Nor did the allegations directed to cross examination meet the burden. As noted before, the court gave defendant the opportunity to recall witnesses. In addition, depositions were available for several of the liability witnesses which, when taken, had included all theories now reinstated.

For the foregoing reasons, I would affirm the trial court decision.