Bennye S. HUNTLEY and Arthur Huntley, Appellants (Plaintiffs Below),

v.

The CITY OF GARY, Indiana and Lebon Sumbry, Appellees (Defendants Below).

No. 64A03–8901CV16.

Court of Appeals of Indiana, Third District.

Feb. 26, 1990.

James W. Myers, III, South Bend, for appellants.

Bessie M. Taylor, Gary, for appellees.

HOFFMAN, Judge.

Bennye S. and Arthur Huntley, the plaintiffs-appellants, appeal from an order dismissing their action against the City of Gary and Lebon Sumbry, the defendants-appellees. The facts relevant to this appeal are summarized below.

On September 6, 1985, Bennye Huntley was involved in an automobile-ambulance collision at the intersection of Massachusetts Street and 6th Avenue in Gary. Bennye was travelling in a northerly direction on Massachusetts Street. Lebon Sumbry, an ambulance driver for the City of Gary, was westbound on 6th Avenue. The two vehicles collided in the middle of the intersection. Both drivers sustained injuries.

Bennye and her husband, Arthur, brought suit against Lebon Sumbry and the City of Gary, alleging that Bennye's injuries were the result of Sumbry's negligence. Sumbry filed a counterclaim against the Huntleys to recover damages

for personal injuries, lost time from employment, decrease in earning capacity and pain and suffering. Subsequently, Sumbry executed a release and settlement of his claims against the Huntleys, and the counterclaim was dismissed.

Sumbry and the City of Gary then moved to dismiss the original action in which they were defendants, asserting that the Huntleys failed to state a claim upon which relief could be granted. A copy of the general release and settlement executed by Sumbry was attached to the motion to dismiss. The trial court entered an order of dismissal:

"Court now grants dismissal on the basis of two reasons, to-wit: (1) The parties resolved their differences and there was a release filed by the Defendant and the Counter–Claim was dismissed.... (2) Defendants are immune from liability under the Indiana Tort Claims Act."

From the order of dismissal, the Huntleys perfected their appeal. The issues raised on appeal may be consolidated and re-stated as follows:

(1) whether the lower court erred in ordering dismissal on the grounds that the release executed by Sumbry precluded the Huntleys from pursuing their cause of action against the City of Gary and Sumbry; and

(2) whether the lower court erred in ordering dismissal on the grounds that Sumbry and the City of Gary were immune from liability under Indiana's Tort Claims Act.

The release upon which the trial court based its judgment provided in pertinent part:

"KNOW ALL MEN BY THESE PRESENTS that, I, LEBON SUMBRY,, [sic] for and in consideration of the sum of SIX HUNDRED, [sic] DOLLARS ($600.00), to me in hand paid by BEN-NYE S. HUNTLEY & ARTHUR HUNTLEY & THE ALLSTATE INSURANCE CO., the receipt of which is hereby acknowledged, do hereby release, acquit and forever discharge the said BENNYE S. HUNTLEY, ARTHUR HUNTLEY, & THE ALLSTATE INSURANCE COMPA-NY, their heirs, executors, administrators, successors and assigns ... from all claims and demands, actions and causes of action, for any damages, costs, loss of services, expenses and compensations heretofore or hereafter sustained by me on account of, or in any way growing out of an accident, casualty or event that occurred on or about the 6th day of September, 1985, at or near Massachusetts Street & 6th Avenue, in Gary, Lake County, Indiana, and on account of which it is asserted that I sustained injuries, damages and losses for which the parties hereby released are legally liable, all of which is denied and disputed by them."

The release was signed by Sumbry.

■■■ Interpretation of a release, like any other contract, is determined by the terms of the particular instrument, considered in light of all the facts and circumstances. *Babson Bros. Co. v. Tipstar Corp.* (1983), Ind.App., 446 N.E.2d 11, 16. The terms of the release in question are clear and unambiguous. Sumbry released the Huntleys from all claims for damages sustained by Sumbry on account of the automobile-ambulance collision of September 6, 1985. The instrument did not purport to release Sumbry from all causes of action arising out of the accident for injuries suffered by the Huntleys. Such a construction, urged by the City of Gary and Sumbry and apparently adopted by the trial court, is wholly unsupportable. The trial court erred in dismissing the Huntleys' cause of action because "there was a release filed by the Defendant."

■■■ The City of Gary and Sumbry suggest that if the release did not preclude prosecution of the Huntleys' cause of action against them, then the dismissal of Sumbry's counterclaim had such an effect. Sumbry, as the counterclaimant, moved to dismiss his counterclaim because "all claims herein against the Counter–Defendants [the Huntleys] have been fuly [sic] paid and satisfied and this cause of action has been amicably settled between the parties." The dismissal with prejudice constituted a judgment on the merits of Sumbry's counterclaim, a judgment adverse to

Sumbry. *See Midway Ford Truck Ctr., Inc. v. Gilmore* (1981), Ind.App., 415 N.E.2d 134, 136. If, in a subsequent action, Sumbry sought to recover damages from the Huntleys for injuries arising out of the accident of September 6, 1985, the Huntleys could raise the defense of res judicata. *See id.*

However, the dismissal of Sumbry's counterclaim did not constitute an adjudication on the merits of the issues raised in the original action brought by the Huntleys.

> *Cf. Geiger & Peters v. Am. Fletcher Nat. Bank* (1981), Ind.App., 428 N.E.2d 1279 (dismissal of plaintiff's complaint did not result in dismissal of cross claim);
>
> Ind.Rules of Procedure, Trial Rule 41(A)(2) (counterclaim may remain pending for independent adjudication although original action is dismissed).

To suggest that Sumbry's motion to dismiss his counterclaim could operate to bar the Huntleys from pursuing their cause of action against Sumbry and the City of Gary is an argument which can only be characterized as fallacious.

■ The trial court identified as an alternative basis for its judgment the immunity extended to governmental entities under Indiana's Tort Claims Act, IND.CODE § 34–4–16.5–1 *et seq.* Sumbry and the City of Gary raised immunity as the seventh defense in their answer to the Huntleys' complaint. Presumably, the defendants and the court were alluding to the discretionary act-based governmental immunity of IND.CODE § 34–4–16.5–3(6) (1988 Ed.).

IND.CODE § 34–4–16.5–3(6) provides immunity to a governmental entity if a loss results from the performance of a discretionary function. In defining discretionary acts immune from liability under IND. CODE § 34–4–16.5–3(6), the Indiana Supreme Court has distinguished acts performed at the planning level from acts performed at the operational level. *Peavler v. Monroe Cty. Bd. of Com'rs* (1988), Ind., 528 N.E.2d 40, 43.

> "Under the planning/operational dichotomy, the type of discretion which may be immunized from tort liability is generally that attributable to the essence of governing. Planning activities include acts or omissions in the exercise of a legislative, judicial, executive or planning function which involves formulation of basic policy decisions characterized by official judgment or discretion in weighing alternatives and choosing public policy. Government decisions about policy formation which involve assessment of competing priorities and a weighing of budgetary considerations or the allocation of scarce resources are also planning activities." [Citations omitted.]

*Id.* at 45.

An application of the planning/operational test to the circumstances of this case compels the conclusion that the actions of Sumbry were not discretionary functions protected from legal challenge by IND. CODE § 34–4–16.5–3(6). Although Sumbry may have exercised professional judgment in driving through the intersection of Massachusetts Street and 6th Avenue, Sumbry was not engaged in the formulation of basic policy decisions at the time. *See Borne v. N.W. Allen County School Corp.* (1989), Ind.App., 532 N.E.2d 1196, 1202. The trial court erred in ordering dismissal of the Huntleys' cause of action on the grounds that "Defendants are immune from liability under the Indiana Tort Claims Act."

The trial court's order of dismissal is reversed.

GARRARD and MILLER, JJ., concur.