**Mark POLINSKY and Allen Sutker, Appellants–Defendants,**

v.

**Frank VIOLI, Appellee–Plaintiff.**

No. 09A05–0310–CV–538.

Court of Appeals of Indiana.

Feb. 18, 2004.

Wayne C. Turner, John F. McCauley, Michael R. Limrick, McTurnan & Turner, Indianapolis, IN, Attorneys for Appellants.

Michael A. Wukmer, Brian D. Gwitt, Ice Miller, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

■ Appellants-defendants Mark Polinsky and Allen Sutker (collectively, the appellants) appeal the trial court's denial of their motion to compel arbitration between TotalEMS and appellee-plaintiff Frank Violi. Specifically, the appellants argue that they are in privity with TotalEMS and that Violi's claims against them arise solely from TotalEMS's alleged breach of Violi's Employment Agreement ("Agreement"), which requires him to arbitrate "all disputes" that arise from his employment terms. Finding that the appellants stand in privity with TotalEMS and that these disputes arise out of the Agreement, we reverse the decision of the trial court.

## FACTS

On March 22, 2002, Violi entered into the Agreement with TotalEMS, a closely-held corporation with its principal place of business in Logansport, providing that he would be employed for three years as the President and Chief Executive Officer of TotalEMS. The Agreement provided that upon termination without cause, TotalEMS was obligated to purchase Violi's shares in TotalEMS. Appellant's App. p. 15. The Agreement also contained an arbitration provision, which states in pertinent part, "If any controversy or claim between the parties hereto arises out of this Agreement, such disagreement or dispute shall be submitted to binding arbitration in Chicago, Illinois, under the Commercial Arbitration Rules of the American Arbitration Association (the '*AAA*')." Appellant's App. p. 21 (emphasis in original). Neither of the appellants, who together own approximately 72% of the outstanding stock of TotalEMS, signed the Agreement.

Violi was terminated within the first year of his employment, but the parties disagree as to the exact timing of and reason for Violi's termination. Violi brought suit against TotalEMS and its members seeking approximately $300,000 in severance from TotalEMS. TotalEMS has refused to pay that amount, arguing that it does not owe severance and that,

even if it did, the amount would be much lower. In addition to his claims seeking recovery of wages and the repurchase of his shares in TotalEMS, Violi also asserted claims against the appellants for breach of fiduciary duty to Violi in his capacity as a minority shareholder.

On June 27, 2003, the appellants filed a Motion to Compel Arbitration and for Stay, asserting that they are in privity with TotalEMS, that all of the claims arose out of the terms of the Agreement, giving them a right to enforce the arbitration agreement. The trial court denied that motion on September 22, 2003, stating only that the appellants "are nonparties to the identified arbitration provision...." Appellant's App. p. 70. Polinsky and Sutker now appeal.

## DISCUSSION AND DECISION

 Initially, we note that when reviewing a trial court's denial of a motion to compel arbitration, our standard of review is de novo. *Showboat Marina Casino P'ship v. Tonn & Blank Constr.*, 790 N.E.2d 595, 597 (Ind.Ct.App.2003). Indiana recognizes a strong policy favoring enforcement of arbitration agreements. *Indiana CPA Society, Inc. v. GoMembers, Inc.*, 777 N.E.2d 747, 750 (Ind.Ct.App. 2002).

> Under Indiana contract law, the party seeking to compel arbitration has the burden of demonstrating the existence of an enforceable arbitration agreement. When determining whether the parties have agreed to arbitrate a dispute, we apply ordinary contract principles governed by state law. In addition, when construing arbitration agreements, every doubt is to be resolved in favor of arbitration, and the parties are bound to arbitrate all matters, not explicitly excluded, that reasonably fit within the language used. However, parties are

> only bound to arbitrate those issues that by clear language they have agreed to arbitrate; arbitration agreements will not be extended by construction or implication.

*Showboat Marina Casino*, 790 N.E.2d at 597–98 (internal citations omitted).

### I. Privity

 The party seeking to compel arbitration must establish the existence of an enforceable arbitration agreement and that the parties intended to arbitrate the issue in dispute. *Mislenkov v. Accurate Metal Detinning, Inc.*, 743 N.E.2d 286, 289 (Ind. Ct.App.2001). Parties to a contract or those in privity with the parties have rights under the contract. *OEC–Diasonics, Inc. v. Major*, 674 N.E.2d 1312, 1314 (Ind.1996). This principle applies to contracts requiring arbitration of claims. *Mislenkov*, 743 N.E.2d at 289. The concept of privity is most frequently applied in the equitable estoppel context, but it is also applied in contract cases, where privity has been described as a "mutual or successive relationship as to the same right of property, or an identification of interest of one person with another as to represent the same legal right." *Id.* Furthermore, according to comments to the Restatement (Second) of Judgments § 59(3), "[f]or the purposes of providing a day in court on issues contested in litigation, however, there is no good reason why a closely held corporation and its owners should be ordinarily regarded as legally distinct."

The record reveals here that the appellants together own approximately 72% of TotalEMS's outstanding stock. Appellant's App. p. 1–2. Moreover, Violi alleged in his complaint that the appellants "control the operations of TotalEMS" and that "TotalEMS is merely the alter ego or instrumentality of Polinsky and Sutker, as

the controlling shareholders who directed the company from its inception." Appellant's App. p. 2, 8. Not only do these facts alone demonstrate that the appellants have an identification of interest with TotalEMS, Violi himself has admitted as much in his complaint. As such, Violi may not now claim that the appellants do not stand in privity with TotalEMS. *See Doctor's Assoc., Inc. v. Hollingsworth*, 949 F.Supp. 77, 83–84 (D.Conn.1996) (one cannot allege that a company is the alter ego of the defendants, then claim that the arbitration agreement with the company does not also apply to the defendants) (citing *Doctor's Assoc., Inc. v. Distajo*, 66 F.3d 438, 453 (2d Cir.1995); *Mosca v. Doctors Assoc., Inc.*, 852 F.Supp. 152, 155 (E.D.N.Y.1993)).

## II. Arbitration of this Dispute

■ Having decided that the appellants are in privity with TotalEMS, the question now becomes whether these claims are within the scope of the Agreement. Violi argues that because he asserted a claim for breach of fiduciary duty as a minority shareholder against the appellants as majority shareholders, it is outside the scope of the Agreement and therefore cannot be forced into arbitration.

■ Shareholders in a close corporation have fiduciary duties to each other, and as such are required to "deal fairly, honestly, and openly with the corporation and their fellow shareholders." *Barth v. Barth*, 659 N.E.2d 559, 561 (Ind.1995). A closely held company, such as TotalEMS, is one with few shareholders and shares that are not typically traded in the general securities market. *W & W Equip. Co., Inc. v. Mink*, 568 N.E.2d 564, 570 (Ind.Ct. App.1991).

In his complaint, Violi asserted a breach of fiduciary duty in the following paragraph:

Polinsky and Sutker as the controlling shareholders, as well as members of the Board of Managers, have breached their fiduciary duties owed to Violi as a minority shareholder of TotalEMS. Polinsky and Sutker failed to deal fairly, openly and honestly with Violi. As described above, Polinsky and Sutker devised a scheme to oust Violi from the company under a pretextual and false basis in order to avoid paying Violi the monies due and owing him under the Agreement. Violi has not requested that the Board of Managers take any action because such a request would be future [sic], as Polinsky and Sutker have usurped the authority of the Board of Managers and, as shown below, have caused the Board of Managers not to exist or function as intended.

Appellant's App. p. 7. An examination of this allegation reveals that this claim is predicated upon Violi's success against TotalEMS in arbitration over the Agreement. The facts alleged that support Violi's claim of the breach of fiduciary duty are that "Polinsky and Sutker devised a scheme to oust Violi from the company ... in order to avoid paying Violi the monies due and owing him under the Agreement." Appellant's App. p. 7. To prove this, Violi must first prove that TotalEMS breached the Agreement. Moreover, the whole of the "monies due" result from the alleged breach of the Agreement. These issues rest squarely with the arbitrator.

■ Were we to permit such "artful pleading" to carry the day, no party would be bound to arbitrate against a closely-held company so long as that party also claimed that individual members, shareholders, officers, and/or directors caused the entity's misconduct through their breach of a fiduciary duty and that the defendants are not parties to the arbitration agreement who can enforce it. This would undermine the purpose of arbitration, which is "to entertain consideration of

disputed matters and to reach an acceptable decision and award, without having to undertake often ponderous and costly judicial proceedings." *Sch. City v. E. Chicago Fed'n of Teachers*, 622 N.E.2d 166, 169 (Ind.1993). The instant case is a prime example in that much time and money has already been spent in trial and appellate courts when the issues rightfully belonged before an arbitrator.

The decision of the trial court is reversed and remanded with instructions to order this cause to arbitration.

Reversed and remanded.

NAJAM, J., and MAY, J., concur.