**BLIMPIE INTERNATIONAL, INC. and Blimpie Pershing Indiana Ventures, Inc., Appellants–Defendants,**

v.

**Tina CHOI and 8TA.Choi Corp., Appellees–Plaintiffs.**

No. 29A05–0305–CV–260.

Court of Appeals of Indiana.

Feb. 28, 2005.

James L. Petersen, Ann L. Thrasher, Ice Miller, Indianapolis, IN, Attorneys for Appellants.

## OPINION

MAY, Judge.

Blimpie International, Inc.[1] and Blimpie Pershing Indiana Ventures, Inc.[2] (collectively "Blimpie") appeals the denial of its motion to stay proceedings pending arbitration of the action brought by Tina Choi and 8TA.Choi Corporation[3] (collectively "Choi"). Blimpie raises three issues, which we consolidate and restate as wheth-

er the trial court properly determined a reference in the franchise agreement to non-waiver of jury trial manifested the parties' intention that claims arising under the Indiana Franchise Disclosure Law (the "Indiana Act") would not be resolved by arbitration.

We reverse.

## FACTS AND PROCEDURAL HISTORY

On or about January 14, 2002, Choi looked at two potential Blimpie franchise locations in Noblesville and Mooresville. On January 28, 2002, Blimpie provided Choi a form franchise agreement. *See* Appellants' App. at 124, 159. On April 24, 2002, Choi entered into a franchise agreement with Blimpie to own and operate the existing Blimpie restaurant in Mooresville, Indiana. This franchise agreement was a revised form, containing certain changes from the form she was given in January. *See id.* at 124–124; 201–02. At closing, Choi also entered into an agreement with Blimpie to sublease the property where the Mooresville Blimpie franchise was located.

On November 22, 2002, Choi filed a two-count complaint against Blimpie alleging Blimpie violated the Indiana Act, Ind.Code § 23–2–2.5–1, and engaged in common law fraud in the sale of the Blimpie franchise. On January 13, 2003, Blimpie moved to dismiss or stay proceedings pending arbitration of the claims. Following a hearing, on April 28, 2003, the trial court denied Blimpie's motion with respect to Count I,

---

1. Blimpie International, Inc. is a submarine sandwich and salad restaurant franchisor and a New Jersey corporation.

2. Blimpie Pershing Indiana Ventures, Inc. is an Indiana corporation engaged in the business of leasing, subleasing and managing certain Indiana properties where Blimpie franchises are located. It is the lessee of the

property where the Blimpie franchise referenced in this appeal is located.

3. 8TA.Choi Corp. is an Indiana corporation formed for the purpose of owning and operating the Blimpie restaurant in Mooresville, Indiana.

the Indiana franchise law claim, finding there was an ambiguity in the franchise agreement due to a provision relating to waiver of jury trial. The trial court granted Blimpie's motion on Count II, the common law fraud claim. On May 28, 2003, Blimpie appealed the denial of its motion on Count I.[4]

## DISCUSSION AND DECISION

We note initially that Choi did not submit an appellee's brief. When an appellee fails to file a brief, we need not develop her arguments. *Santana v. Santana*, 708 N.E.2d 886, 887 (Ind.Ct.App. 1999). "However, this circumstance in no way relieves us of our obligation to decide the law as applied to the facts in the record in order to determine whether reversal is required." *Blunt–Keene v. State*, 708 N.E.2d 17, 19 (Ind.Ct.App.1999). Rather, we apply a less stringent standard of review in which we may reverse the trial court if the appellant makes a *prima facie* showing of reversible error. *Id.* "*Prima facie* in this context is defined as 'at first sight, on first appearance, or on the face of it.' Where an appellant is unable to meet this burden, we will affirm." *Id.*

When reviewing the trial court's interpretation of a contract, we view the contract in same manner as trial court. *Showboat Marina Casino Partnership v. Tonn & Blank Const.*, 790 N.E.2d 595, 597 (Ind.Ct.App.2003). The court should attempt to determine the intent of the parties at the time the contract was made by examining the language used to express

their rights and duties. *Id.* When determining whether the parties have agreed to arbitrate a dispute, we apply ordinary contract principles governed by state law. *Id.* at 598. In addition, when construing arbitration agreements, we resolve every doubt in favor of arbitration. *Id.* Indiana recognizes a strong policy of enforcing valid arbitration agreements. *Id.* The parties are bound to arbitrate all matters not explicitly excluded that reasonably fit within the language used, *id.*, but we will not extend arbitration agreements by construction or implication. *Id.*

### The Arbitration Agreement

The Franchise Agreement in dispute in this case includes a broad agreement to arbitrate disputes, which provides in relevant part:

21.2 Accordingly, except as otherwise provided in this Agreement, in the event of any dispute or disagreement between Franchisor and Operator with respect to any issue arising out of or relating to this Agreement, its breach, its interpretation or any disagreement between Operator and Franchisor, such dispute or disagreement shall be resolved by arbitration. . . . This paragraph shall not apply to any monetary defaults of Operator including its obligations to pay franchise and advertising fees to Franchisor, and Franchisor shall be free to utilize any right or remedy it may have at law or equity.

21.3 Franchisor and Operator agree that this Agreement evidences a trans-

---

4. On July 24, 2003, Blimpie filed a motion for reconsideration of the April 28, 2003, decision based on the discovery of new evidence during document production. The following day, Blimpie filed with us a Motion for Extension of Time to File Appellants' Brief and we granted the motion. On July 30, 2003, the trial court set the date to hear Blimpie's Mo-

tion for Reconsideration. Blimpie filed a motion to stay the appeal pending the outcome of the trial court's hearing. We suspended consideration of the appeal and remanded the case to the trial court to rule on the motion for reconsideration. After the hearing, the trial court denied Blimpie's motion without comment.

action involving interstate commerce and that the enforcement of this arbitration provision and the confirmation of any award issued to either party by reason of an arbitration conducted pursuant to this arbitration provision is governed by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*

(Appellants' App. at 50–51.)

*Ambiguity in the Arbitration Provisions*

■■■ Blimpie contends that where the scope of the arbitration clause is ambiguous, the dispute must be arbitrated "unless it can be said with positive assurance … that Choi's statutory fraud claims are not within the scope of an agreement to arbitrate that on its face encompasses all disputes other than those relating to franchisee monetary defaults." (Appellants' Br. at 9.)

The trial court, in denying Blimpie's motion to dismiss or stay proceedings pending arbitration, concluded in pertinent part as follows:

Arbitration is a matter of consent and of contract. The "Indiana Addendum to the Franchise Agreement" within the Franchise Agreement before the Court states in Article 24.12 thereof the following:

"The waiver of a right to a jury trial will not apply to claims under the Indiana Deceptive Franchise Practices Act or the Indiana Franchise Disclosure Law."

The subject Franchise Agreement between the parties was drafted by the Defendant, Blimpie International, Inc., as that party concedes. The above-quoted language, standing alone, is neither vague nor ambiguous. It manifests the clear intention of the parties that all claims arising under the Indiana Franchise Disclosure Law fall outside the parties' arbitration agreement because

proceedings before the American Arbitration Association do not include jury trials. No evidence has been presented pertaining to the meaning of the above clause other than the language itself. It can be said with positive assurance that claims arising under the Indiana Franchise Disclosure Act are not arbitrable under the parties' above-quoted agreement.

(Appellants' App. at 9–10.)

The trial court thus determined the provision concerning waiver of the right to jury trial necessarily took all Choi's claims arising under the Indiana Franchise Disclosure Law outside the arbitration agreement. It reasoned arbitration proceedings do not include jury trials; therefore, the reference to the waiver of the jury trial right necessarily meant claims arising under the Indiana Act were not arbitrable.

We note initially that had the parties intended to remove all claims arising under the Indiana Act from arbitration they could presumably have so stated directly rather than in terms of jury trial waiver. Furthermore, as our supreme court recognized in *Isp.com LLC. v. Theising,* 805 N.E.2d 767, 776 (Ind.2004), the mere existence of a provision addressing procedures outside arbitration does not necessarily demonstrate an "affirmative intention … to undo the arbitration covenant[.]" There, Theising sought to avoid arbitration and noted that a Loan and Security Agreement included a forum selection clause and a consent to jurisdiction in Marion County. He argued those provisions demonstrated the parties' intention not to arbitrate any dispute under the note or Loan and Security Agreement.

Our supreme court disagreed, noting:

It is not uncommon to find both arbitration and forum selection clauses in agreements. Several considerations

may lead to the inclusion of both. First, and obviously, arbitration may be waived by the parties. If they choose, they may prefer to litigate, but be required to do so in a designated forum. *Id.* at 776–77 (citations omitted). The court accordingly found the forum selection provision did not reflect the parties' intent to undo their general agreement to arbitrate.

 Similarly, in the agreement before us, we cannot say the reference to the waiver of a jury trial right demonstrated the parties' intent that actions brought under the Indiana Act would not be arbitrated. Like the parties in *Isp.com LLC.,* the parties to the agreement before us are presumably free to waive arbitration; should they choose to litigate, they could agree that jury trial would be available.[5]

 The ambiguity may also be clarified by looking at extrinsic evidence. *Adams v. Reinaker,* 808 N.E.2d 192, 196 (Ind.Ct.App.2004). Paragraph 21.5 of the January 2002 version of the franchise agreement states that "Operator and Franchisor each waives any right to trial by jury" in "all cases," including those that are arbitrated and those not arbitrated under the agreement, which include monetary defaults (exempted from arbitration by Article 21.2) and injunctive matters (exempted from arbitration by Article 21.5). *See* Appellants' App. at 159. This version of the franchise agreement was amended later in 2002, and the former Article 21.5 became Article 21.8 in the new version of the franchise agreement, which is the version Choi signed. *See id.* at 123–125. But the cross-reference in Article 24.12 was not changed in this revision, so it still referred to Article 21.5, which had been changed to Article 21.8.

This extrinsic evidence resolves the ambiguity in the franchise agreement because the "jury trial" language in Article 24.12 (the so-called "Indiana Addendum") is clear and purposeful if read as modifying the general waiver of jury trial formerly contained in Article 21.5, but moved to Article 21.8 of the revised agreement Choi signed. When Article 24.12 is read as modifying Article 21.8 of the version of the franchise agreement Choi signed, the document states that there may be jury trials of claims under the Indiana Deceptive Franchise Practices Act or the Indiana Franchise Disclosure Law only when the parties have otherwise agreed not to arbitrate, either through the franchise agreement itself (for example, for injunctive matters as set forth in Article 21.8 of the version of the agreement Choi signed) or by waiving arbitration independent of the franchise agreement. This reading of the agreement eliminates any ambiguity and attributes meaning to every portion of the franchise agreement.

## CONCLUSION

The trial court improperly determined claims under the Indiana Act were outside the parties' arbitration agreement. Accordingly, we reverse the decision of the trial court and instruct the court to enter a

---

**5.** The trial court also noted Blimpie drafted the franchise agreement at issue, and Blimpie asserts the court erred to the extent it accordingly resolved any ambiguity in the agreement against Blimpie. We agree. Under the Federal Arbitration Act, ambiguities in an arbitration clause are to be resolved in favor of arbitration, notwithstanding the rule that a contract is construed most strongly against the drafter. *Chan v. Drexel Burnham Lambert, Inc.,* 178 Cal.App.3d 632, 223 Cal.Rptr. 838, 842 (1986). *And see Chesterfield Mgmt., Inc. v. Cook,* 655 N.E.2d 98, 102 (Ind.Ct.App. 1995) (Indiana recognizes a strong policy favoring enforcement of arbitration agreements, and arbitration agreements will be interpreted in light of that policy), *trans. denied.*

stay pending arbitration of Count I of Choi's claim.

SULLIVAN, J., and VAIDIK, J., concur.