In the Matter of the Paternity of D.L.Y.R. by Next Friend Altermise S. RILEY, Appellant–Petitioner,

v.

Demetrius D. CLARK, Appellee–Respondent.

No. 02A03–0509–JV–415.

Court of Appeals of Indiana.

Feb. 10, 2006.

Steve Carter, Attorney General of Indiana, Frances H. Barrow, Deputy Attorney General, Indianapolis, for Appellant.

## OPINION

ROBB, Judge.

■ The State of Indiana, by the Allen County Title IV–D Prosecutor, appeals from the trial court's order limiting the amount of income withheld from Demetrius Clark's paychecks to $70 per week, contending the withholding of additional amounts from bonuses Clark received was proper, and that Clark had notice of such withholding.[1]

On May 10, 2004, Clark was found in contempt for failing to pay child support. An income withholding order ("IWO") was issued to his employer, Ashley Industrial Molding, Inc. ("Ashley"), requiring the withholding of $55 per week for current support and $15 per week for an arrearage. The IWO was substantially similar to prior IWOs issued to Clark's previous employers since his paternity of D.L.Y.R. was established in 1999.[2] Each IWO provided that the employer may be required to "report and withhold[ ] from lump sum payments such as bonuses...." Appendix to Brief of Appellant at 26. The IWO to Ashley required a copy be given to Clark, who acknowledged receiving one, but denied inclusion of the second page listing the bonus provision. App. at 64–65. Clark complained at a review hearing that Ashley was withholding more than the $70 total from each paycheck, and the trial court ordered Ashley not to withhold more than that amount per week. The State filed a motion to correct error, and in a hearing Clark explained Ashley had withheld money from bonuses received in the form of "gain sharing check[s] ... based on delivery quality and safety." App. at 61. The trial court did not rule on the motion to correct error within thirty days, rendering it deemed denied. The State now appeals the $70 per week limitation on the amount withheld from Clark's income.

■ Indiana Code section 31–16–15–19 specifically authorizes withholding amounts from bonuses in order to satisfy a child support arrearage. The IWOs issued

---

1. Clark did not file an Appellee's Brief, and we need not develop arguments on his behalf. *Blimpie Intern., Inc. v. Choi*, 822 N.E.2d 1091, 1094 (Ind.Ct.App.2005). A less stringent standard of review is applied, under which we may reverse the trial court if the appellant makes a *prima facie* showing of reversible error. *Id.* *See* Ind. Appellate Rule 45(D).

2. The only difference was an increase in the amount owed for arrearage from $5 to $15.

by the State indicated this to Clark and his employers by including the lump sum provision. Whether the State complied with section 31–16–15–19 did not arise earlier because Clark was apparently not receiving bonuses. Thus, to the degree that the amounts withheld from Clark's gain sharing checks, as bonus payments beyond his regular wage, do not exceed the maximum permitted by 15 U.S.C. 1673(b),[3] it is proper that they be withheld.

Furthermore, Indiana law only requires notice to the obligor, here Clark, at the activation or implementation of an IWO. Ind.Code § 31–16–15–7. Thereafter, notice need only be sent to subsequent income payors, here Ashley, and not to obligors. Ind.Code § 31–16–15–4. Even so, Clark testified that he received at least a portion of the IWO issued to Ashley. In conjunction with the initial IWO in 1999, and other IWOs previously sent to his employers, all of which included the lump sum provision, Clark had sufficient notice that any bonus could be affected by his child support arrearage.

For these reasons, we hold that the trial court improperly limited the IWO to a maximum of $70 per week, and we remand for further proceedings.

Reversed and remanded.

VAIDIK, J., and MATHIAS, J., concur.

---

**3.** Whether the amount withheld from Clark's pay exceeded the maximum allowable under federal law is not at issue here. Even so, we note the importance of referencing in an IWO the federally imposed restrictions on garnishments, as was included in the IWO to Ashley, thereby promoting compliance with the withholding limitations of the Federal Consumer Credit Protection Act. App. at 25.