**MBNA AMERICA BANK, N.A., Appellant–Plaintiff,**

v.

**Aaron KAY, Appellee–Defendant.**

**No. 49A02–0711–CV–961.**

Court of Appeals of Indiana.

June 12, 2008.

---

Glenn S. Vician, Merrillville, IN, Attorney for Appellant.

**OPINION**

BARTEAU, Senior Judge.

*STATEMENT OF THE CASE*

Plaintiff–Appellant MBNA America Bank, N.A. ("MBNA") appeals from the trial court's order denying and dismissing with prejudice its application to confirm an arbitration award against Defendant–Appellee Aaron Kay.

We affirm.

*ISSUE*

MBNA presents several issues for our review; however, the following issue is dispositive: whether the trial court erred by dismissing, with prejudice, MBNA's application to confirm the arbitration award.

*FACTS AND PROCEDURAL HISTORY*

MBNA submitted a purported dispute with Kay over the non-payment of a credit card account to arbitration with the National Arbitration Forum ("NAF"). On February 1, 2006, Kay filed a response with the NAF objecting to the arbitration. On February 13, 2006, the NAF arbitrator found that there was a valid arbitration agreement between MBNA and Kay and entered an award in favor of MBNA in the amount of $17,637.16. The award was entered in Minnesota. Kay is an Indiana resident. The arbitration agreement at issue called for the application of Delaware law.

On May 17, 2006, MBNA filed an application to confirm arbitration award with the trial court in Marion County, Indiana. On July 5, 2006, MBNA filed a motion and

memorandum in support of confirmation of the arbitration award. On September 5, 2007, Kay filed a response in opposition to MBNA's application. On September 13, 2007, the trial court denied MBNA's application and dismissed it with prejudice. MBNA appeals.

## DISCUSSION AND DECISION

### STANDARD OF REVIEW

▉ As an initial matter, Kay did not file an appellate brief. When an appellee fails to file a brief, a court on review need not develop the arguments for the appellee. *Blimpie Intern., Inc. v. Choi*, 822 N.E.2d 1091, 1094 (Ind.Ct.App.2005). However, the court is not relieved of the obligation to decide the law as applied to the facts in the record in order to determine whether reversal is required. *Id.* The trial court will be reversed in this situation if the appellant makes a prima facie showing of reversible error. *Id.* "*Prima facie* in this context is defined as 'at first sight, on first appearance, or on the face of it.' Where an appellant is unable to meet this burden, we will affirm." *Id.* (citing *Blunt–Keene v. State*, 708 N.E.2d 17, 19 (Ind. Ct.App.1999).

### OBJECTION TO ARBITRATION

MBNA argues that "the trial court erred by dismissing the underlying proceedings, *with prejudice*, based upon Kay's dispute in arbitration over the forum selection clause in the MBNA cardholder agreement." Appellant's Br. at 3. MBNA argues that the trial court violated both federal and state law by refusing to confirm MBNA's arbitration award, because arbitration awards are final decisions on the merits of the cases. MBNA concludes by arguing that it was error for the trial court to hear Kay's objection to the arbitration award in this award confirmation proceeding, because, MBNA claims, challenges to the validity of a contract, and to

an arbitration clause, must be decided by the arbitrator and not the court, *citing Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–04, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967).

The instant action is governed by the Federal Arbitration Act ("the FAA"). Although Indiana has adopted the Uniform Arbitration Act, Ind.Code § 34–57–2–1, *et seq.* ("the Indiana Act"), Ind.Code § 34–57–2–1(b) provides that the Indiana Act does not apply to loan contracts. All consumer leases, sales, and loan contracts, as they are defined in the Uniform Consumer Credit Code are exempted from the Indiana Act. A loan includes the creation of debt pursuant to a lender credit card or similar arrangement. *See* Ind.Code § 24–4.5–3–106.

Here, Kay wrote a letter to the NAF, the subject line of which was "RE OBJECTION TO ARBITRATION" in which he objected to the arbitration. Appellant's App. p. 77. Kay's affidavit, which was before the trial court, contains Kay's statements: (1) that he did not recall ever entering into any agreement with MBNA to arbitrate disputes at the NAF; (2) that he never agreed to submit to the jurisdiction of the NAF; and (3) that he served MBNA's agents and the NAF with objections to the arbitration. Appellant's App. p. 78.

▉ The initial inquiry here is what procedure is provided by statute once an objection to the arbitration has been filed. 9 U.S.C.A. § 4 provides as follows:

9 U.S.C.A. § 4

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties,

for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed. If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, or if the matter in dispute is within admiralty jurisdiction, the court shall hear and determine such issue. Where such issue is raised, the party alleged to be in default may, except in cases of admiralty, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose. If the jury find that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury find that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.

Therefore, contrary to MBNA's argument, the party seeking to pursue arbitration, where the other party has refused to arbitrate, may petition a court with jurisdiction over the matter to hear the parties' arguments and enter an appropriate order either compelling the submission of the matter to arbitration, or dismissing the matter upon a finding of no agreement to arbitrate. Once a party objects to the arbitration, a court must determine if a valid arbitration agreement exists.

In *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (U.S.N.Y.1967), the United States Supreme Court held that under the United States Arbitration Act, (now the Federal Arbitration Act), a claim of fraud in the inducement of the entire contract was a question for the arbitrators to decide under an arbitration clause calling for arbitration of controversies or claims arising out of or relating to the consulting agreement (contract) or breach of the consulting agreement (contract), absent evidence that the issue was to be withheld from arbitration. 388 U.S. at 404, 87 S.Ct. at 1806. Otherwise, the United States Arbitration Act specifically reserves the right to decide the issue of fraud in the inducement of the arbitration clause itself to the federal court. 388 U.S. at 403-04, 87 S.Ct. at 1806. Consequently, MBNA misreads *Prima Paint* as requiring the arbitrators to decide challenges to the validity of an arbitration clause.

■ The trial court had before it evidence of Kay's objection to the arbitration, and the order by the NAF arbitrator finding that a valid agreement to arbitrate existed. There was no federal court determination that a valid agreement to arbitrate existed. Hence, the arbitration award that MBNA was asking the trial court to confirm was not properly obtained. The procedure outlined in the FAA was not followed. As a result, the

trial court did not err by dismissing MBNA's application to confirm the arbitration award.

■ MBNA also notes that its application was dismissed with prejudice. We find no error in the trial court's order in this regard. It is generally recognized that a dismissal with prejudice is a dismissal on the merits. *Midway Ford Truck Center, Inc. v. Gilmore*, 415 N.E.2d 134, 136 (Ind. Ct.App.1981). As such it is conclusive of the rights of the parties and res judicata as to the questions which might have been litigated. *Id.* Here, the trial court reached the merits of whether the application to confirm the arbitration award should be granted.

MBNA further complains that the trial judge exceeded his authority by ordering MBNA to modify any credit report references on the Kay credit card account. MBNA contends that there is no provision in the Fair Credit Reporting Act for such modification, that none of the parties sought such relief, and that the modification would have the effect of vacating the arbitration award.

As discussed above, the evidence before the trial court established the arbitration award was not properly obtained. The FAA provided that upon Kay's objection to the arbitration, MBNA was required to petition a federal court for a determination regarding the validity of the arbitration agreement. This was not done. Instead, the NAF attempted to rule on the validity of the arbitration agreement at issue. As a result, the award MBNA sought to confirm was void, or incapable of confirmation or ratification. The trial court's order was not erroneous to the extent that it, in essence, vacated the arbitration award.

■ MBNA contends that there was no evidence below to establish that Kay's credit record was affected by MBNA. Our review of the trial court's order reveals that MBNA was required to restore Kay's credit as it related to the present matter. Therefore, if Kay's credit record was not affected by MBNA's legal pursuits against him, then nothing more need be done. The trial judge did not exceed his authority by requiring MBNA to correct any inaccuracy in Kay's credit record regarding the present dispute.

## CONCLUSION

The trial court did not err by dismissing MBNA's application to confirm the arbitration award. Once Kay objected to the arbitration, MBNA was required by the FAA to obtain a federal court ruling regarding the validity of the arbitration agreement.

Affirmed.

RILEY, J., and BARNES, J., concur.