## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 19 2016, 8:48 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Adam C. Squiller | Tracy D. Knox |
| Squiller & Harley | Georgina D. Jenkins |
| Auburn, Indiana | Barnes & Thornburg LLP |
| | South Bend, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Paula R. (Brenay), now Hicks, *Appellant-Respondent,* and David C. Brenay, *Appellee-Petitioner.* | January 19, 2016 Court of Appeals Case No. 44A03-1501-DR-37 Appeal from the LaGrange Superior Court The Honorable George E. Brown, Judge Trial Court Cause No. 44D01-1107-DR-77 |

**May, Judge.**

[1] Paula R. Hicks appeals the trial court's enforcement of the maintenance provision of the premarital agreement she entered into before she married

David C. Brenay. As the only issue she raises on appeal is *res judicata*, we affirm the trial court's order.

## Facts and Procedural History

On December 9, 2013, the trial court entered a Decree of Dissolution that provided:

1. That the parties' marriage is dissolved.

2. That further hearing will be scheduled regarding property division if an agreement is not reached.

3. That the Respondent's former name of Hicks is restored to her.

4. That the parties' prenuptial agreement is enforceable.

5. That this shall be a final appealable order as to the matters determined herein.

(App. at 27-28.) The trial court declined to resolve property settlement issues because Hicks was going to challenge on appeal the enforceability of the prenuptial agreement, the validity of which would impact property rights.

On December 19, 2013, Hicks filed a Notice of Appeal from that divorce decree. The trial court clerk did not file a Notice of Completion of Transcript and Hicks did not compel such, so we dismissed the appeal with prejudice on May 8, 2014.

[4] On November 5, 2014, the trial court held a hearing regarding the property settlement. On December 13, 2014, the trial court entered Findings and Judgment of Property Distribution affirming the property distribution and spousal maintenance would occur pursuant to the pre-nuptial agreement. As such, each party received certain items as their sole and separate property which were held by each individually, and Hicks was "entitled to spousal payment of $60,000 . . . over a five year period[.]" (*Id.* at 21-22.)

## Discussion and Decision

[5] The only issue Hicks raises on appeal is whether the maintenance provision of the premarital agreement is enforceable. That issue, however, is precluded by our dismissal of Hicks' appeal of the court's prior order.

[6] A dismissal with prejudice is to be interpreted as a decision on the merits. *MBNA Am. Bank, N.A. v. Kay*, 888 N.E.2d 288, 292 (Ind. Ct. App. 2008). "As such it is conclusive of the rights of the parties and *res judicata* as to the questions which might have been litigated." *Id.*

[7] Hicks filed an appeal from the trial court's 2013 dissolution order that the prenuptial agreement was enforceable and we dismissed it with prejudice. Thus, any questions as to the enforcement of the prenuptial agreement are foreclosed from further review. *See In re Guardianship of Stalker*, 953 N.E.2d 1094, 1102 (Ind. Ct. App. 2011) (holding a dismissal with prejudice was a dismissal on the merits and any further appeals as to the real estate could not be reviewed). As the sole issue Hicks raises is *res judicata*, we decline to review it.

# Conclusion

As Hicks raises no other challenges to the trial court's order, we affirm its judgment.

Affirmed.

Najam, J., and Riley, J., concur.