## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 31 2018, 10:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Lawrence T. Newman
Bradenton, Florida

ATTORNEYS FOR APPELLEE

Robert W. York
Robert W. York & Associates
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In re the Estate of Al Katz, Deceased<br><br>Lawrence T. Newman,<br><br>*Appellant*,<br><br>v.<br><br>Robert W. York, as Personal Representative; Internal Revenue Service; and, State of Indiana,<br><br>*Appellees*. | December 31, 2018<br><br>Court of Appeals Case No. 18A-ES-1721<br><br>Appeal from the Marion Superior Court<br><br>The Honorable James A. Joven, Special Judge<br><br>Trial Court Cause No. 49D13-1009-ES-40244 |

**Brown, Judge.**

[1] Lawrence T. Newman ("Newman") appeals the trial court's June 12, 2018 order regarding the sale of certain property belonging to the Estate of Al Katz. We affirm and remand.

### Facts and Procedural History

[2] The Last Will and Testament of Al Katz nominated and appointed his son, Louis Howard Katz, as his personal representative. Katz's will also stated: "Because of the estrangement which has developed between my daughter, Beverly Rochelle Newman, and me, and not for absence of love for her, I intentionally leave her nothing under this Last Will and Testament." *Id.* at 3.

[3] After Katz's death in 2010, the trial court appointed Beverly Newman ("Beverly"), Newman's wife, as personal representative. In October 2010, Newman filed an appearance for Beverly. On December 20, 2011, the Indiana Supreme Court suspended Newman for a period of at least eighteen months and required him to go through the reinstatement process before resuming practice.[1] *See In re Newman*, 958 N.E.2d 792, 800 (Ind. 2011). On January 25, 2012, Newman filed a motion to withdraw appearance, and Attorney Robert Zaban filed an appearance for Beverly. On February 3, 2012, the court granted Newman leave to withdraw as counsel for Beverly.

---

[1] As of December 18, 2018, the Indiana Roll of Attorneys lists Newman's status as suspended.

[4]     In May 2013, Newman filed a motion for reimbursement of administrative expenses related to the Estate.[2]  He asserted that he paid most of the administrative expenses including utilities, property taxes, and legal expenses, and requested the court to enter an order directing the Estate to reimburse him in the amount of $42,284.54.  Attorney Zaban filed a response in which he detailed the actions of Newman and Beverly and asserted that "waste and jeopardy of the Florida real property of this supervised estate in [sic] ongoing and accelerating."  Appellee's Appendix Volume II at 10.  On May 29, 2013, the court granted Attorney Zaban's motion to withdraw.

[5]     On August 28, 2013, October 9, 2013, and March 19, 2014, Newman filed motions for reimbursement of payment of administrative expenses.  On May 7, 2014, the court entered a Rule to Show Cause Why Beverly Should Not Be Removed as Personal Representative for the Estate, which stated in part that Beverly had filed a claim against the Estate for services provided to the decedent during his lifetime in the amount of $233,725; Newman had filed a claim for services provided to the decedent during his life in the amount of $43,400 and had filed a claim in the amount of $50,836 against the Estate for expenses arising from the administration of the Estate; Newman and Beverly

---

[2] Newman asserts that he filed his "Verified Motion for Reimbursement of Payment of Al Katz Estate Administrative Expenses" on April 27, 2013.  Appellant's Brief at 8.  He cites to a copy of the document which is dated April 27, 2013, but does not contain a file stamp.  The chronological case summary includes an entry dated May 20, 2013, which states: "Document Filed[.]  File Stamp: 05/15/2013[.]  *Verified Motion by Lawrence T Newman, Pro Se for Reimbursement of Payment of Al Katz Estate Administrative Expenses*."  Appellant's Appendix Volume II at 13 (capitalization omitted).

reside at the former residence of the decedent in Florida and said residence constitutes a significant asset of the Estate; Beverly had not paid homeowner fees for the Florida residence, which was the subject of a foreclosure action as a result; and Beverly had not filed a Final Accounting in violation of Probate Local Rule 411. On June 2, 2014, Beverly filed a response to the rule to show cause.

[6] On January 12, 2015, the court entered an order removing Beverly as the personal representative. The order also vacated certain allowances by Beverly of Newman's motions for reimbursement of expenses, ordered that Beverly shall not pay any amount of the claims of her or Newman against the Estate including for reimbursement of Estate expenses, and appointed Attorney Robert W. York to serve as the successor personal representative of the Estate. On February 11, 2015, Beverly filed a motion to correct errors challenging the removal order and asserting in part that she and Newman had a long-standing adverse relationship with Attorney York. On May 12, 2015, the court denied the motion. On June 11, 2015, Beverly filed a notice of appeal of the January 12, 2015 order under Appellate Cause No. 49A02-1506-ES-642 ("Cause No. 642"). On August 21, 2015, this Court dismissed Beverly's appeal with prejudice. On November 10, 2015, this Court denied Beverly's petition for

rehearing, and the Indiana Supreme Court denied Beverly's petition for transfer.[3]

[7] On September 28, 2015, Attorney York as the personal representative of the Estate filed a status report and petition for issuance of orders regarding property of the Estate. On October 19, 2015, Newman and Beverly filed a response requesting in part that the court:

> (1) immediately approve the Estate administrative expense reimbursement motions respectively filed by [Newman] and [Beverly]; (2) issue an order compelling Robert York to use his best efforts to obtain the written agreement of the Internal Revenue Service granting priority of the Estate's administrative expenses claimed by [Newman] and by [Beverly] over the IRS'[s] claim for unpaid income taxes of Al Katz, penalties, and interest and to obtain the written agreement of the IRS to remove its claim and lien from Al Katz's Indianapolis home; and (3) for all other relief just and proper in the Premises.

*Id.* at 96.

[8] On December 8, 2015, the court ordered that Attorney York as the personal representative take all reasonable action required to close the sale of the Estate's real property located at 4727 N. Ritter Avenue in Indianapolis (the "Ritter Property") to Matthew G. Evans for the gross purchase price of $57,000 in cash.

---

[3] The Indiana Supreme Court's order denying transfer listed Beverly and Newman as appellants.

[9] On January 25, 2016, Newman filed a Verified Petition for Payment of Estate Attorney Fees. On March 2, 2016, the court entered a Rule to Appear and Show Cause Regarding December 9, 2015 Order Pertaining to Estate's Ritter Property in which the court ordered in part that Newman shall "show cause why he should not be attached and punished for indirect contempt of Court for his December 29, 2015 instituted resistance, hindrance and delay in the carrying out of or putting into effect the lawful December 9, 2015 Order of this Court which Ordered the sale of the Estate's Ritter Property in the manner required by that Order."[4] *Id.* at 127. On May 9, 2016, Newman filed a Notice of Court of Transfer of Interest of Administrative Expense Claim and Motion for Approval and Payment of Claim.

[10] On June 21, 2017, the court entered an Order of Instructions as to the Ritter Property ordering in part that Attorney York as the personal representative notify counsel for the United States of America, the Indiana Department of Revenue (the "IDOR"), the Office of the Marion County Auditor, and Evans, that he is prepared to facilitate the sale or transfer of the Ritter Property and that Evans and those taxing authorities shall work together to agreeably resolve all liens and claims against the Ritter Property.[5]

---

[4] It appears that the trial court intended to refer to the December 8, 2015 order.

[5] The chronological case summary indicates numerous filings and multiple orders were entered between January 25, 2016, and June 21, 2017. The record does not include copies of all of the court's orders.

On August 4, 2017, the court entered an Order Directing Sale of Ritter Avenue Property and Distribution of Proceeds which states in part:

> 11. On March 2, 2016, the Court issued its Rule to Show Cause requiring [Beverly] and [Newman] to appear and show cause as to why they each[] should not be found in indirect contempt of court for their resistance, hindrance, and delay in the carrying out of or putting into effect the December 8, 2015, Order of this Court. The Show Cause Order also relieved the Personal Representative from selling the Ritter Avenue Property until matters pertaining to that Rule to Show Cause were fully resolved and the Court issued subsequent instructions to the Personal Representative.
>
> * * * * *
>
> 13. [Newman] had also previously asserted (and continues to assert) claims against the Estate totaling more than $50,000.00 purportedly expended on behalf of the Estate. With respect to [Newman's] claims for administrative expenses, the Court, in its Removal Order, recognized that the Estate had *de minimis* assets and that [Newman] did not assert any such claims until 16 months after he withdrew as [Beverly's] attorney. The Court determined that [Newman's] claims constituted an unlawful conflict of interest, vacated [Beverly's] allowances of [Newman's] claims, and specifically directed [Beverly] _**not**_ to pay those claims.
>
> 14. The Court has repeatedly denied [Newman's] claims for administrative expenses. Time and again, [Newman] has (unsuccessfully) attempted to have the Court recognize that his administrative claims were still in existence. During the July 21, 2017, hearing, the Court restated from the bench that the Court had long ago denied [Newman's] purported claims against the Estate.
>
> 15. Although the Indiana Probate Code generally provides that claims for expenses of administration take priority over claims for

taxes, the filing of the Federal Tax Lien against the Ritter Avenue Property invoked the following:

> Nothing in this section shall affect or prevent any action or proceeding to enforce any mortgage, pledge, or other lien upon property of the estate.

Ind. Code § 29-1-14-1(e). Moreover, specific liens take precedence over expenses of administration, the payment of the reasonable expenses of decedent's funeral, and the reasonable expenses of decedent's last sickness. *Estate of Lammerts v. Heritage Bank & Trust Co.*, 663 N.E.2d 1174, 1176-77 (Ind. Ct. App. 1996)[, *trans. denied*].

16. Although the Court denied [Newman's] claims several years ago, even if they continued to exist as administrative claims, the liens of the tax authorities on the Ritter Avenue Property take precedence over any such claims.

17. On October 21, 2016, a tax lien certificate for the Ritter Avenue Property was sold at a tax sale because property taxes had been unpaid. On or before October 21, 2017, at least $9,390.97 (the balance due as of June 14, 2017), plus accruing interest, must be paid to the Treasurer or a Tax Deed will be issued to the tax sale purchaser, and the Estate will no longer be able to sell the Ritter Avenue Property.

18. Time is of the essence in this matter, as the redemption date for the tax lien certificate is approaching.

19. The current balance in the Estate's checking account is $1,913.91, and the Estate has insufficient resources to pay the amount required to redeem the Ritter Avenue Property from the tax sale.

\* \* \* \* \*

29. At the hearing on July 21, 2017, [Newman] was the sole challenger to the sale of the Ritter Avenue Property. [Newman's]

only ground to challenge the sale was that he had not been paid what he asserted were his claims for administrative expenses.

30. The Court again rejects [Newman's] assertions that he has pending claims against the Estate.

* * * * *

36. This Order pertains solely to the sale of the Estate's Ritter Avenue Property, the distribution of proceeds from such sale, and the claims and liens asserted. Other matters pertaining to the administration of the Estate remain pending.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Robert W. York, as the Personal Representative, and all persons with a direct interest in the Ritter Avenue Property, shall forthwith take all reasonable actions required to close the sale of the Ritter Avenue Property to Matthew G. Evans for the gross purchase price of $57,000.00 . . . .

* * * * *

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the sale of the Ritter Avenue Property and distribution of the sale's proceeds, as hereinabove Ordered, shall not be stayed by any appeal or other action to contest this Order, unless the person or entity seeking such appeal shall, within 15 days after the entry of this Order, file with this Court a motion for stay accompanied by a bond (provided for by Indiana Rule of Trial Procedure 62) in the amount sufficient to secure any amount recovered for the loss or detention of the property; to pay all obligations of the Estate of Al Katz to the extent that the other property of the Estate is insufficient to pay those obligations; the costs of the action and costs on appeal, including any attorney fees incurred by the Personal Representative in defending the appeal; interest; and any other amounts as justice requires. This potential appeal bond amount is not yet determined and is subject to this Court's jurisdiction, per Trial Rule 62.

*Id.* at 176-183.  On August 9, 2017, the court entered and order setting the appeal bond at $125,000.

[12]  On April 11, 2017, Attorney York filed "Personal Representative's Application for Temporary Restraining Order and for Further Injunctive Relief Regarding Florida Lawsuit."[6]  Appellant's Appendix Volume II at 54.  On August 28, 2017, the court entered an Order Granting Injunctive Relief which states in part:

> B.  THE NEWMANS' CLAIMS AGAINST THE ESTATE
>
> 6.  On January 6, 2011, [Newman] filed Claim No. 2 against the Estate in the amount of $11,600.51.  On February 1, 2011, [Beverly] filed Claim No. 3 against the Estate in the amount of $233,725.00, for personal services alleged to have been provided to Katz.  On February 2, 2011, [Newman] filed Claim No. 4 against the Estate for personal services alleged to have been provided to Katz, valued at $43,400.00.
>
> * * * * *
>
> 8.  On March 14, 2011, this Court dismissed Claim No. 2.  On March 21, 2011, the Court dismissed Claims No. 3 and 4.
>
> 9.  On April 12, 2011, [Beverly], in her former capacity as personal representative of the Estate, filed a "Claim Allowance Form" that purported to allow the Newmans' separate Claims 2, 3, and 4 against the Estate, despite the Court's previous dismissal of those Claims.  Also on April 12, 2011, [Beverly] filed her "Verified Motion To Vacate Orders Dismissing Claims 002, 003, and 004 And For Leave to File Claim Allowance Form."  A

---

[6] The record does not contain a copy of the April 11, 2017 filing.

review of the Record of Proceedings in this Estate does not show any ruling on [Beverly's] April 11 motion to vacate the orders dismissing the Newmans' claims.

10. The Record suggests, however, that the Estate did not pay the Newmans' claims. Following the Court's dismissal of his claims, [Newman] filed four separate motions seeking payment from the Estate for utility, property tax, other real property costs; legal expenses and costs incurred with respect to multiple damages lawsuits the Estate initiated in Florida; costs incurred with respect to the defense of a foreclosure action filed against Al Katz's Florida condominium by his condominium association; and other expenses [Newman] asserted that he incurred to administer the Estate.

11. While his Claim No. 4, filed in 2011, sought payment of $43,400.00 from the Estate, on April 27, 2013, [Newman] sought payment of only $42,284.54. On August 28, 2013, [Newman] again sought payment of $42,284.54, plus an additional $2,054.11 for amounts set forth on Exhibit 1 of his August 28 motion, for a total of $44,338.65. On October 9, 2013, [Newman's] claimed payment due from the Estate rose to $45,414.13. On March 19, 2014, [Newman] sought $50,836.81.

12. On April 25, 2014, [Beverly], in her former capacity as personal representative of the Estate, filed her "Personal Representative's Approval Of [Newman's] Motions For Reimbursement Of Estate Expenses" (the "Approval"). On May 1, 2014, [Beverly] filed her "Personal Representative's Verified Approval of [Newman's] Motions For Reimbursement Of Estate Expenses" (the "Second Approval"). As with the Claim Allowance Form, [Beverly] filed the Approval and the Second Approval despite the Court's previous dismissal of [Newman's] claims.

Appellee's Appendix Volume II at 192-193. The court also discussed the

lawsuit filed by the Newmans against Attorney York in Florida. The court

determined that an injunction preventing the Newmans from further prosecuting their lawsuit against Attorney York was appropriate, that the Newmans' lawsuit frustrated policies of the court and was vexatious and oppressive, and that injunctive relief would prevent multiplicity of lawsuits. On September 29, 2017, the court denied Newman's motion to correct errors regarding the injunction.

[13] On October 22, 2017, Newman filed a notice of appeal of the August 4, 2017, and August 9, 2017 orders under Appellate Cause Number 49A05-1710-ES-2475 ("Cause No. 2475"). That same day, Newman filed a notice of appeal of the court's August 28, 2017, and September 29, 2017 orders under Cause No. 2475. On November 27, 2017, Attorney York filed a verified motion to dismiss the appeal as untimely. That same day, Newman filed a Motion for Two Separate Appeals which stated in part that "[s]aid Appeal is substantially based upon the trial court's failure and refusal to hear and determine [his] multiple motions for reimbursement of Estate administrative expenses prior to the distribution of the subject sale proceeds, such that [he] is prevented from sharing in said sales proceeds." November 27, 2017 Motion for Two Separate Appeals at 1-2.

[14] On January 4, 2018, this Court entered an order which granted in part and denied in part Attorney York's motion to dismiss. Specifically, this Court ordered that Newman's appeal of the trial court's August 4, 2017, and August 9, 2017 orders be dismissed with prejudice and denied the motion to dismiss Newman's appeal of the trial court's August 28, 2017 order. This Court's order

also stated that Newman's Motion for Two Separate Appeals was denied as moot because Newman's appeal of the trial court's August 4, 2017, and August 9, 2017 orders had been dismissed.

[15]　On June 6, 2018, Attorney York filed a second verified motion to dismiss the appeal.[7] On September 12, 2018, this Court granted Attorney York's motion to dismiss the appeal, ordered the appeal dismissed with prejudice, granted Attorney York's request for appellate attorney fees, and remanded to the trial court to calculate the amount of appellate attorney fees. On October 12, 2018, Newman filed a petition for rehearing. On November 19, 2018, this Court denied Newman's petition for rehearing.

[16]　Meanwhile, on December 18, 2017, the trial court entered Additional Instructions Regarding the Ritter Property which found that Evans indicated his unwillingness to move forward with the purchase of the property due to the property having an undisclosed in-ground septic system rather than a municipal sewer system. The court instructed the personal representative to begin investigating the current value of the property and obtain a new appraisal.

---

[7] Attorney York argued that: "1. [Newman's] Appendix and Brief were untimely filed; 2. [Newman] commits bad faith in attempting to assert the existence of issues previously dismissed with prejudice by this Court; 3. [Newman's] brief repeatedly violates the provisions of Ind. Appellate Rule 22(C) and Ind. Appellate Rule 46 by failing to support his 'fact' statements with proper reference to his Appendix and by refusing to recite facts in accordance with the applicable standard of review[;] 4. [Newman] commits bad faith in attempting as a non-attorney to represent the interests of his wife, Beverly[;] 5. [Newman's] brief is replete with hyperbolic and accusatory statements showing an inappropriate tone and lack of respect for the opposing party; and 6. [Newman's] appellate materials are replete with redundant, immaterial, impertinent, scandalous or other inappropriate matter and fail to include necessary records." June 2, 2018 Second Verified Motion to Dismiss Appeal at 1-2.

[17] On March 2, 2018, the court entered an Agreed Order Regarding Ritter Property which found that the purchase agreements and occupancy agreement between the Estate and Evans were vacated. On March 26, 2018, Newman filed an Objection to Donation or Discard of Al Katz's Personal Property. On April 2, 2018, the trial court overruled Newman's objection and ordered the personal representative to execute a listing agreement to place the Ritter Property on the market for sale at an initial listing price of $100,000.

[18] On April 25, 2018, the court entered a Judgment Order Pertaining to Beverly's Accounting, which ordered that "the December 16, 2017, 'Second/Third Final Accounting of Dr. Beverly Newman' is disapproved as to her administration of the Estate's Ritter Avenue Property and personal property, and her improper expenditure of Estate assets." Appellee's Appendix Volume III at 74. The order also states in part:

> 25. The Court has issued multiple additional Orders pertaining to [Newman's] administrative claims, including its August 4, 2017 "Order Directing Sale of Ritter Avenue Property and Distribution of Proceeds," finding that [Newman's] said claims had "long ago" been denied by the Court. [Newman's] attempted appeal of that Order was dismissed with prejudice by the Indiana Court of Appeals on January 5, 2018.

*Id.* at 65. The court ordered that Beverly be personally charged the sum of $53,362.36, and entered judgment for the Estate against her in that amount.

[19] On June 12, 2018, the court entered an Agreed Order of Instructions as to Sale of Ritter Avenue Property, which instructed the personal representative to

accept the purchase offer of J & D Realty Services to purchase the Ritter Property for $62,000, close on the sale as soon as reasonably possible, and pay the normal closing costs expected to be approximately $7,809. The court ordered that the net sale proceeds be distributed with a total of $34,548.44 with interest paid to the United State Treasury, a total of $9,963.97 with interest paid to the State of Indiana, and the balance deposited into the Estate's checking account.

[20] On July 12, 2018, Newman filed a notice of appeal of the July 12, 2018 order and asserted that the appeal was from an interlocutory order taken as of right pursuant to Ind. Appellate Rule 14(A) or 14(D).

### *Discussion*

[21] Newman argues that Attorney York was wrongfully appointed because of his long-standing animus against him; that the trial court's disparate treatment of him and Attorney York evidence bias; the trial court's determinations that his administrative expense claims were dismissed or denied are erroneous; and that his administrative expense claims have statutory priority over federal and state tax claims.

[22] Attorney York as the personal representative argues that Newman's appeal should be dismissed for: violation of the Appellate Rules; his bad faith attempts to assert issues involving Beverly's 2015 motion to correct errors; his bad faith attempt to assert but not support claims of bias by the trial court; and his bad faith attempt to assert his previously dismissed with prejudice claims for

administrative expenses. Attorney York argues that Newman invited the error he now attempts to appeal and that the issues are moot because Newman "knew that the closing of the sale would occur soon after the June 12, 2018 Sale Order," knew that "the proceeds of that sale would *not* be distributed to him," and he "used the entire permitted 30-days to appeal that Order and did so without seeking a stay." Appellee's Brief at 36. Attorney York also asserts that he is entitled to appellate attorney fees based upon Newman's wrongful conduct in this appeal.[8]

[23] To the extent Newman argues that Attorney York was wrongfully appointed as the personal representative because of Attorney York's long-standing animus against him, we observe that a similar argument was addressed by the trial court when it denied Beverly's motion to correct error following the trial court's order removing her as the personal representative. This Court dismissed that appeal with prejudice under Cause No. 642, denied rehearing, and the Indiana Supreme Court denied Beverly's petition for transfer. We observe that Newman is appealing only the July 12, 2018 order. Accordingly, we do not address this issue. *See Reiswerg v. Statom*, 926 N.E.2d 26, 30 (Ind. 2010)

---

[8] On November 20, 2018, Newman filed a verified motion to strike Attorney York's Appellee's Brief. **(Odyssey)** By separate order, we deny Newman's motion. In his brief, Attorney York argues that we should strike Newman's brief because it includes hyperbolic and inappropriate language. We decline to strike Newman's appellate brief.

(holding that the only issues presented in the appeal were those raised by the trial court's order certified for interlocutory appeal).

[24] With respect to Newman's argument that the trial court erred in determining that his administrative claims were dismissed or denied, Newman cites the court's August 4, 2017 order in which the trial court stated that it had repeatedly denied Newman's claims for administrative expenses. Newman also cites the trial court's August 28, 2017 order in which the court mentioned it had previously dismissed his claims. However, Newman already sought an interlocutory appeal of these orders under Cause No. 2475 and the appeal was dismissed with prejudice. "It is generally recognized that a dismissal with prejudice is a dismissal on the merits." *In re Guardianship of Stalker*, 953 N.E.2d 1094, 1102 (Ind. Ct. App. 2011) (citing *MBNA America Bank, N.A. v. Kay*, 888 N.E.2d 288, 292 (Ind. Ct. App. 2008)). As such it is conclusive of the rights of the parties and *res judicata* as to the questions which might have been litigated. *Id.* As we dismissed Newman's appeal with prejudice, we do not disturb the trial court's finding that it had denied Newman's claims for administrative expenses, and this issue is foreclosed for our review.

[25] With respect to Attorney York's request for attorney fees, Ind. Appellate Rule 66(E) provides that this Court "may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees." Our discretion to award attorney fees under Ind. Appellate Rule 66(E) is limited to instances when "an appeal is permeated with meritlessness, bad faith, frivolity, harassment,

vexatiousness, or purpose of delay." *Thacker v. Wentzel*, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003). To prevail on a substantive bad faith claim, a party must show that the appellant's contentions and arguments are utterly devoid of all plausibility. *Id.* Procedural bad faith occurs when a party flagrantly disregards the form and content requirements of the rules of appellate procedure, omits and misstates relevant facts appearing in the record, and files briefs written in a manner calculated to require the maximum expenditure of time both by the opposing party and the reviewing court. *Id.* at 346-347. In light of Newman's appellate briefs and arguments, we conclude that Attorney York as personal representative is entitled to appellate attorney fees, and we remand to the trial court to determine the proper amount of the appellate fee award.

## *Conclusion*

[26] For the foregoing reasons, we affirm the trial court's order, grant Attorney York's request for appellate attorney fees, and remand for a determination of Attorney York's reasonable appellate attorney fees.

[27] Affirmed and remanded.

Riley, J., and Bradford, J., concur.